SELDEN et al. v. ILLINOIS TRUST & SAVINGS BANK et al.

(Circuit Court of Appeals, Seventh Circuit. January 10, 1911.)

No. 1,698.

1. COURTS (§ 366*)—FEDERAL COURTS—CONSTRUCTION OF STATE STATUTES—STATE DECISIONS—CONCLUSIVENESS—"PERSON INTERESTED."

Illinois Statute of Wills (Hurd's Rev. St. 1901, c. 148) § 7, as amended by Act July 1, 1903 (Laws 1903, p. 355), provides that if any person interested, within one year after the probate of any will, shall appear and by bill in chancery contest the validity of the same, an issue of law shall be made up as to whether the writing produced be the will of testator. *Held*, that decisions of the Supreme Court of Illinois that the phrase

"any person interested" does not include persons having a mere expectancy, but only includes those having an interest already attached in case the ancestor is held to have died intestate, is conclusive on the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 960; Dec. Dig. § 366.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692-3709; vol. 8, p. 7691.

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

2. WILLS (§ 417*)—PROBATE—VALIDITY.

Illinois Statute of Wills (Hurd's Rev. St. 1901, c. 148) § 7, as amended by Act July 1, 1903 (Laws 1903, p. 355), provides that, when any will is exhibited to the court having jurisdiction of probate, it shall be probated without delay, provided that if any person interested, within a year after probate, shall appear and by bill in chancery contest the validity of the same, an issue of law shall be made up as to whether the writing produced be testator's will or not. *Held* that, where a will has been admitted to probate, it is a valid one, unless and until it has been successfully contested and set aside, either in accordance with the special procedure provided by the state for that purpose, or in some other court of competent jurisdiction other than provided in such special procedure, if such jurisdiction exists.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 895; Dec. Dig. § 417.*]

3. WILLS (§ 284*)—PROBATE—CONTEST—DEMURRER—ADMISSIONS.

Illinois Statute of Wills (Hurd's Rev. St. 1901, c. 148) § 7, as amended by Laws 1903, p. 355, provides that when any will is exhibited for probate it shall be admitted without delay, provided that if any person interested shall, within a year after probate, appear and by bill in chancery contest the validity of the same, an issue of law shall be made to determine its validity. *Held*, that where, after a will had been admitted to probate, an heir at law filed a bill under such act to contest the will, alleging that at the time of making the same testator was not of sound mind, and that the will was procured by undue influence and fraud, a demurrer to the bill did not admit that testator was of unsound mind, or that the will was procured by fraud or undue influence, but simply put forward that the probate was an adjudication that he was of sound mind and that the will was his free act and deed, unless the same was set aside in the way pointed out, and that the same had not been so vacated.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 643; Dec. Dig. § 284.*]

4. WILLS (§ 229*)—CONTEST—PERSONS ENTITLED TO CONTEST.

Where, after the probate of a will, a bill to set aside the same was filed by the testator's sole heir at law, and pending such proceedings the heir died and the proceeding was continued by her executor, the complainant's heirs, who at the time the bill was filed had a mere expectancy under the statute of descent, had no sufficient interest to entitle them to maintain a suit in equity, on the theory that the special procedure provided by Hurd's Rev. St. 1901, c. 148, § 7, as amended by Laws 1903, p. 355, was inadequate to the vindication or protection of their rights.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 550; Dec. Dig. § 229.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Bill by Richard L. Selden, as executor of the will of Olive J. Cone, and others, against the Illinois Trust & Savings Bank and others.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

From a decree sustaining a general demurrer to the amended bill, and dismissing the same for want of equity, complainants appeal. Affirmed.

The appeal is from a decree sustaining a general demurrer to the amended bill of complaint, and thereupon dismissing the bill for want of equity.

The complainant Richard L. Selden is a citizen of Connecticut, Phebe R. Mason a citizen of Massachusetts. and Lura A. Champlain a citizen of New Jersey. The defendant, The Illinois Trust & Savings Bank, executor of the will of Daniel B. Shipman, is a corporation, organized and existing under the laws of Illinois, and Daniel B. Shipman, during his life time, and at the time of his death, was a citizen of Illinois. The other defendants are beneficiaries under the will of Shipman.

. . The bill was to set aside, as null and void, the probate of the will of Shipman, upon the ground that Shipman was not, at the time of making such will, of sound and disposing mind, and that the will was procured by undue influence and fraud.

. The equity jurisdiction of the federal courts is invoked upon the following facts:

. Shipman died November 22, 1906, leaving Olive J. Cone his sole heir at law. His estate was over $1,500,000. On January 11, 1907, his will, granting nearly the whole of his estate to the Illinois Trust & Savings Bank, as trustee for the benefit of the beneficiaries therein named, was filed and duly proven by the attesting witnesses, whereupon it was probated. On February 15, 1907, Olive J. Cone filed her bill in chancery in the Circuit Court of Cook County, under the seventh section of the Illinois statute of wills, contesting the will upon the ground that Shipman was of unsound mind and that the will had been procured by fraud and undue influence. On January 8, 1908, while this bill in chancery was pending, Olive J. Cone died; whereupon complainants in the present suit filed a petition in the then pending chancery suit, suggesting the death of Olive J. Cone on the record, and praying that her executor might be made complainant in said cause, which was so ordered. On January 13, 1908, the Illinois Trust & Savings Bank, and the beneficiaries under the Shipman will, entered a motion to vacate said order; and thereupon Phebe R. Mason and Lura A. Champlain, heirs at law of Olive J. Cone, applied to the Circuit Court to be joined as parties with Selden in the then pending chancery cause. On July 18, 1908, the Circuit Court of Cook County ruled that the petitioners (the appellants here) had no right to intervene in said cause, whereupon the appellants here asked leave to file a bill of revivor, which was also overruled. Upon appeal to the Supreme Court of Illinois, these orders were sustained.

M. Henry Guerin, M. F. Gallagher, and Oliver R. Barrett, for appellants.

John P. Wilson, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge, after stating the facts as above, delivered the opinion.

Section 7 of the Illinois statute of wills (Hurd's Rev. St. 1901, c. 148), as amended July 1, 1903 (Laws 1903, p. 355), provides that when any will, testament or codicil is exhibited to the Court having jurisdiction of probate, it shall be the duty of the Court to probate the same without delay, provided, however, "that if any person interested shall, within one year after the probate of any such will, testament or codicil, * * * appear and by his or her bill in chancery contest the validity of the same, an issue at law shall be made up whether

the writing produced be the will of the testator or testatrix or not. * * * "

Construing this section, the Supreme Court of Illinois has held that "any person interested" does not include the appellants—that it does not mean persons who have merely an expected interest, but only persons who have an interest that has already attached in case the ancestor is held to have died intestate—and this construction of the statute we are bound to follow.

It has also frequently been ruled by the Supreme Court of Illinois that the probate of a will is an adjudication of its validity; a ruling followed by us in Palmer v. Bradley (C. C.) 142 Fed. 193. The will of Shipman, therefore, is a valid will unless and until it has been successfully contested and set aside; either in accordance with the special procedure provided by the State for that purpose, or in some Court of competent jurisdiction other than as provided in such special procedure, if such jurisdiction to so contest and set aside wills exists.

The argument of appellants is that a will is invalid, under the laws of Illinois, unless made by a sane person and without undue influence and fraud; that admittedly (the demurrer admitting the averments of the bill) this will has been made by an insane person and under undue influence and fraud; that in the absence of a valid will, appellants have an interest in the property involved as heirs at law through Olive J. Cone; that the seventh section of the Illinois statute of wills, as construed by the Supreme Court of the State, is inadequate to protect their interest; from which it follows that there must be, in Courts of general chancery jurisdiction having jurisdiction over the parties, power to protect this interest.

The difficulty with this argument lies in some of the premises assumed. It is not true, for instance, that the demurrer admits that Shipman was of unsound mind, or that the will was procured by fraud or undue influence. What the demurrer puts forward is that the probate of the will is an adjudication that Shipman was of sound mind, and that the will was his free act and deed, unless and until the same was set aside in the way pointed out, and that the same has not been set aside in the way pointed out. To make the admission wider than that, is to construct a false premise upon which to build the argument.

Nor was it true that, at the time the will was probated, the appellants were heirs at law or had any interest, which had already attached, in Shipman's property. The right to succeed to property of an ancestor is not an inherent natural right; it is a mere expectation that clothes the expectant with no legal right whatever. Not until the event happens, upon which the expectation is founded, does the expectant acquire any present interest in the property. Whatever rights the appellants have is under the statute of descent of the State of Illinois. But the statute of wills, to be read in pari passu, as construed by the Illinois Supreme Court, contemplates that the interest by descent shall have already attached to the person claiming it when the will is probated, otherwise there is no interest by descent. In other words, under the Illinois law, the heirs of an heir have nothing

in the way of a property interest in their ancestor's estate as long as their immediate ancestor is alive. There is, therefore, no property interest or right in this case to go to a court of general chancery jurisdiction for vindication or protection, because of the special procedure provided by the State being inadequate to their vindication or protection.

The decree of the Circuit Court is affirmed.