[No. 10814. Department Two. March 15, 1913.]

M. H. INGERSOLL, *as Administrator etc., et al., Appellants,*
v. THOMAS H. GOURLEY, *as Executor etc., Respondent.*[1]

ABATEMENT AND REVIVAL—SURVIVAL—WILLS—CONTEST—DEATH OF
CONTESTANT—STATUTES—CONSTRUCTION. The right to contest a will
survives to the heirs or personal representatives of the heir of the
putative testator, under Rem. & Bal. Code, § 1307, conferring the
right to contest on "any person interested" in any will, and Id., § 193,
providing that no action shall abate by death if the cause of ac-
tion survive, and Id., § 967, providing that all other causes of ac-
tion than those enumerated in § 183 survive, whether arising on
contract or otherwise; the test of survivorship being the assign-
ability of the cause of action.

Appeal from a judgment of the superior court for King
county, Frater, J., entered May 28, 1912, dismissing a will
contest, after a trial on the merits to the court. Reversed.

*M. H. Ingersoll* and *Reynolds, Ballinger & Hutson,* for
appellants.

*J. L. Corrigan* and *M. H. Van Nuys* (*Milo A. Root,* of
counsel), for respondent.

ELLIS, J.—Appeal from the dismissal of an action to con-
test a will. The facts found by the trial court were sub-
stantially as follows: On June 1, 1911, Leslie L. Crim
died. His sole heir at law was his mother, Miranda Crim.

[1]Reported in 130 Pac. 743.

On September 18, 1911, a paper purporting to be his last will and codicil was admitted to probate. The respondent Gourley was appointed and qualified as executor. On January 23, 1912, Miranda Crim and Leslie C. Travers, a nephew of Leslie L. Crim, commenced an action against the respondent as executor, to contest the will and codicil on the grounds of incompetency and undue influence. The action was tried, and on March 16, 1912, the court announced an oral decision upholding the will and codicil and deciding that Leslie L. Crim was neither incompetent nor under undue influence when he made them. It is conceded that no judgment was entered on this ruling.

On March 23, 1912, pending motion for a new trial, the court, being advised that Miranda Crim had died pending suit, suspended proceedings until an administrator might be appointed and substituted as plaintiff in her place. Miranda Crim died on February 2, 1912, at Rochester, New York, leaving as her heirs Leslie C. Travers, her grandson, and certain others. On April 25, 1912, the appellant M. H. Ingersoll was by the court appointed and qualified as administrator of the estate of Miranda Crim, deceased. He applied for substitution. Upon these findings the court, as conclusions of law, held that the right to contest the will and codicil did not survive the death of Miranda Crim, that the administrator of her estate had no right to be substituted as a party in the contest, that Leslie C. Travers had no right to continue the proceedings, and that the proceedings should be dismissed. Judgment went accordingly. It is apparently conceded that the original trial after the death of Miranda Crim was a nullity.

The sole question presented for our determination is, Does the death of a contesting heir of the putative testator terminate the contest of the will; or may the contest be revived and continued in the name of the administrator or heir of the deceased contestant? In other words, Does the right to contest a will survive to the heirs or personal representatives

of the heir of the putative testator? The question was before us in the recent appeal in *In re Siebs' Estate,* 70 Wash. 374, 126 Pac. 912, upon the following facts: Dorothy Drury Siebs died having willed all of her property to her sister, Mrs. Moulton. The will was probated May 5, 1902. Her immediate relatives were her sister, Mrs. Moulton, her brother, George W. Drury, and her father, William C. Drury. Whether or not she left a husband did not appear, and though that fact was adverted to by this court as an additional obstacle to the contest, the case was actually tried below and decided here upon the theory that her father William C. Drury was her sole heir at law. He died about six years after the death of Mrs. Siebs. George W. Drury, as an heir at law of William C. Drury, instituted proceedings to revoke Mrs. Siebs' will some seven years after its probate and some ten months after the father's death, on the ground that Mrs. Siebs was insane when she made the will. It was sought to escape the bar of the statute by showing insanity of William C. Drury, who but for the will would have been Mrs. Siebs' heir, from a time prior to her death until his own demise. While on the merits the case was decided adversely to the contestant on other grounds, the question of the capacity of the heir of an heir to maintain the contest met us at the very threshold of the case as necessarily involved before proceeding with the merits of the contest. Upon this phase of the case, we said:

"The respondents urge in this court the want of sufficient interest in the will in the appellant to enable him to maintain a contest thereof. They contend that a 'person interested in any will,' within the meaning of that phrase as it is used in the statute, must be a person who.would himself, but for the will, have inherited the property devised and bequeathed thereby, and that the contestant is not such a person. But without specially reviewing the reasons advanced to support the contention, we think it is not well founded. If it be true that William C. Drury would have inherited the property of Mrs. Siebs but for the will, and if it be true, further,

that he was so far insane as to be incapable of managing his own affairs from a time preceding the death of Mrs. Siebs until his own death thereafter, then his heirs at law have, we think, such an interest in the will of Mrs. Siebs as to enable them to maintain a contest thereof. We have found few cases directly in point, but the following may be consulted as bearing more or less strongly on the question: *Savage v. Bowen,* 103 Va. 540, 49 S. E. 668; *Brady v. McCosker,* 1 Comstock (1 N. Y.) 214; *Van Allen v. Hewins,* 5 Hun 44; *Burnett v. Milnes,* 148 Ind. 230, 46 N. E. 464; *In re Langevin,* 45 Minn. 429, 47 N. W. 1133."

There can be no question that the case is authority for the right of the heir of an heir to contest a will adverse to his interest as such heir; that is to say, that the right of contest survives. Inasmuch as the case before us presents but the single question and has been submitted on exhaustive briefs supplemented by able argument on both sides, we are impelled to reconsider the question before adopting the rule in the *Siebs'* case as final. The statutory provisions relating to the survival of causes of action, citing by section number from Rem. & Bal. Code, are as follows:

"Sec. 193. No action shall abate by the death, marriage, or other disability of the party, or by the transfer of any interest therein, if the cause of action survive or continue; but the court may at any time within one year thereafter, on motion, allow the action to be continued by or against his representatives or successors in interest."

"Sec. 967. All other causes of action [than those enumerated in section 183 *supra*] by one person against another, whether arising on contract or otherwise, survive to the personal representatives of the former and against the personal representatives of the latter. Where the cause of action survives, as herein provided, the executors or administrators may maintain an action at law thereon against the party against whom the cause of action accrued, or after his death against his personal representatives."

Section 183, referred to in section 967, relates merely to the right of action for wrongful death and has no bearing upon the present inquiry. These quoted sections have been

construed as not intended to define what causes of action survive, but as referring to causes which already survived and as merely directing in whose name the prosecution of such surviving causes may be continued. *Slauson v. Schwabacher Bros. & Co.*, 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948; *Rinker v. Hurd*, 69 Wash. 257, 124 Pac. 687. Whether the right to contest a will does survive must, therefore, be determined upon the same principles as govern in other causes of action. If under such principles the right survives, then, under the statutes quoted, the action may be revived and prosecuted in the name of the personal representatives or successors in interest of the person originally entitled to contest.

It is a general rule, and one to which this court has adhered, that the test of survivorship of a cause of action is its assignability, and conversely, the test of assignability is survivorship—that is to say that they are always concomitant. 3 Pomeroy, Equity Jurisprudence (3d ed.), § 1275; Pomeroy, Code Remedies (3d ed.), § 147; *Slauson v. Schwabacher Bros. & Co., supra; Conaway v. Co-Operative Homebuilders*, 65 Wash. 39, 117 Pac. 716.

Our statute governing the right of contest, Rem. & Bal. Code, § 1307, is as follows:

"Sec. 1307. If any person interested in any will shall appear within one year after the probate or rejection thereof, and, by petition to the superior court having jurisdiction, contests the validity of said will, or pray to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. Issue shall be made up, tried and determined in said court respecting the competency of the deceased to make last will and testament, or respecting the execution by the deceased of such last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will."

While not in so many words declaring that the right of contest is assignable, the courts of several other states in effect have, under analogous statutes, so decided. The earliest case bearing upon the subject to which we have been cited is *Smith v. Bradstreet*, 16 Pick. 264. In that case the supreme judicial court of Massachusetts held that a mere general creditor of an heir at law of a testator has an interest too remote and contingent to entitle him to contest the will as a party aggrieved; but that, where the creditor of an heir had secured a lien by attachment upon the interest of the heir in real property, such creditor had the right to contest the will by which the heir was disinherited of such property. This is on the ground that by the attachment he secured a direct interest in the will. The court said: "If the will is proved, it defeats his title; if rejected, it establishes it." The obvious effect is that the interest of the heir is subject to involuntary assignment, and that such assignment carries with it the right to contest in aid of such interest.

In *Watson v. Alderson*, 146 Mo. 333, 48 S. W. 478, 69 Am. St. 615, a leading case upon the same question, under a statute allowing a contest to "any person interested in the probate of any will," within five years after such probate, the supreme court of Missouri held the same way. The Missouri statute is not essentially different from our own, save as to the time within which the contest may be instituted. In the *Watson* case, the levy of the execution of the judgment creditor of the heir and sale of the heir's interest under the execution were both subsequent to the disinheriting testator's death. The court said:

"That she [the judgment creditor] has a direct pecuniary interest in the final and conclusive determination of the question of fact, whether or not said instrument is the last will of said deceased is self-evident, since upon such determination depends her title to valuable real estate. If determined in the affirmative she has no title; if in the negative, she has title, and it would seem to follow necessarily, if the words 'any person interested in the probate of any will' are to 'be taken

in their plain, ordinary and usual sense' that she is such a person, and as such, authorized to institute this proceeding, in which only can that question of fact be conclusively determined."

The logical effect of this holding is that any one becoming directly and pecuniarily interested in the devolution of the estate, at any time within five years after the probate of the will, has such an interest in the "probate of the will" or, to use the words of our statute, is so "interested in the will," as to entitle him to maintain a contest under the statute.

In *Bloor v. Platt*, 78 Ohio St. 46, 84 N. E. 604, under a statute providing that "a person interested in a will or codicil admitted to probate in the probate court, or court of common pleas on appeal, may contest the validity thereof," the court held that a creditor of the heir having obtained a lien by levy on the interest of the heir after the testator's death, was entitled to contest a will disinheriting the heir. The court said:

"Any person who has such a direct, immediate and legally ascertained pecuniary interest in the devolution of the testator's estate as would be impaired or defeated by the probate of the will, or be benefited by setting aside the will, is 'a person interested.' "

In *In re Langevin*, 45 Minn. 429, 47 N. W. 1133, the supreme court of Minnesota, under a statute providing that "all persons interested" may contest the probate of a will, held that a judgment creditor of an heir who was disinherited by the will could contest it because he was a person interested, in that his judgment lien would be defeated by the will if established. The court said:

"This right to resist the probate is not materially different in principle from that of a judgment creditor to assail a prior forged or fraudulent deed, apparently conveying the lands of the judgment debtor."

The analogy seems perfect, and it can hardly be doubted that the heir, as well as the creditor of the victim of a forged

or fraudulent deed, may maintain an action to set it aside, in the absence of the bar of the statute of limitations or estoppel by laches. The heir may maintain the action because the right survives; the creditor, because it is assignable. Pomeroy, Equity Jurisprudence (3d ed.), § 1275.

In *Davies v. Leete*, 111 Ky. 659, 23 Ky. Law 899, 64 S. W. 441, under a statute using the words "persons interested," in defining who are proper or necessary parties to the probate proceedings, the supreme court of Kentucky held that the purchaser from an heir of the testator might resist the probate and by appeal contest the will. This is upon the obvious principle that the right, being assignable, carries with it the remedy. See, also, *Foster v. Jordan*, 130 Ky. 445, 113 S. W. 490; *Brooks v. Paine's Ex'r*, 123 Ky. 271, 90 S. W. 600.

In *Savage v. Bowen*, 103 Va. 540, 49 S. E. 668, it was held that the grantee of the heir of a testator has such an interest in the controversy as entitles him to contest a will found and filed for probate after the grant. The fact that the will was found and filed subsequent to the grant seems unimportant, since the will, if valid, by relation took effect on proof as of the date of the testator's death. The court placed no stress upon this fact. It said:

"The demurrer was properly overruled. The allegations of the bill show such an interest in the subject-matter as entitles the appellees to impeach the will. Controversies of this character usually arise between persons claiming as heirs at law on the one hand, and as devisees under the contested will on the other. George L. Savage, as heir of Ann C. Savage, would have had the right to impeach the will, and no reason is perceived why those claiming under and through him are not entitled to his rights in that respect."

In *Rainey v. Ridgway*, 148 Ala. 524, 41 South. 632, the facts were as follows: The testatrix died, leaving a son as her sole heir at law. Thereafter the son died, leaving a widow as his only heir. It was held that she, as "a person interested therein," could contest the will. The court said:

"In other words, contestant's husband was the sole heir of the testatrix, and contestant is his sole heir, and sole devisee and legatee; she is certainly the party interested, or person who, standing in the place of her son, as his sole heir, who would be a distributee of the estate, if there were no will."

In *McCosker v. Brady*, 1 Barb. Ch. 329, the material facts were these: John McCosker died, leaving as his only heirs at law two sons, John the younger, and Thomas. He devised the bulk of his estate to John the younger, with an annuity to Thomas. John McCosker the younger thereafter died, leaving no other heirs than Thomas and Thomas's son, John Andrew McCosker. John the younger left a will devising his estate to others than Thomas and his son. Thomas brought suit to set aside John the younger's will on the ground of incompetency and undue influence. While this suit was pending, Thomas died and his son, John Andrew, as devisee of Thomas, commenced another action for the same purpose. The court held that, while John Andrew could maintain an original bill, the bill filed by John Andrew was in reality a bill to revive and continue the proceedings instituted by his father; and, as such, the bill could be maintained. The court said:

"If the original bill, however, was properly filed, for the purpose of having the question as to the invalidity of the pretended will of John McCosker the younger, settled under the direction of this court, there is nothing to deprive the devisee of the right to continue the suit for that purpose."

While this was an action in equity to set aside the will, it is certainly authority for the view that the right to contest a will survives.

In *Van Allen v. Hewins*, 5 Hun 44, it was held that the right to contest the probate of a will survives to the executors of the original contestant who died pending the proceedings.

The net result of the foregoing authorities is that the courts of Massachusetts, Missouri, Ohio, Minnesota and Kentucky, and it would seem Virginia also, hold the right or in-

terest of the disinherited heir the subject of voluntary or in-
voluntary assignment, which would, as we have seen, carry
with it the survivorship of the right to contest the disin-
heriting will; while in Alabama, and apparently in New York,
it is held that the heir of the disinherited heir may contest
the will or revive a contest already commenced.

On the other hand, the courts of Illinois alone, under a
statute according the right of contest to "any person inter-
ested" providing he appears within three years after the
probate, hold that the right or interest of a disinherited heir
is not assignable so as to give the assignee the right of con-
test, and hence that the right does not survive. *McDonald
v. White*, 130 Ill. 493, 22 N. E. 599; *Storrs v. St. Luke's
Hospital*, 180 Ill. 368, 54 N. E. 185, 72 Am. St. 211; *Staude
v. Tscharner*, 187 Ill. 19, 58 N. E. 317; *Selden v. Illinois
Trust & Sav. Bank*, 239 Ill. 67, 87 N. E. 860, 130 Am. St.
180; *Selden v. Illinois Trust & Sav. Bank*, 184 Fed. 872.

The controversy in the last case having arisen under the
laws of the state of Illinois, the Federal court adopted and
followed the construction placed upon those laws by the
courts of that state.   The decision has no significance except
as determining the effect of the decisions of the Illinois
courts.

The respondent invites us to follow the Illinois rule, the
argument being that the right of contest being purely statu-
tory, the words of our statute "any person interested in any
will" should be construed as meaning a person having an in-
terest at the time the will goes into effect; that an interest
arising subsequently is not an interest in the will, and that
a will cannot impair, destroy, or affect any property interest
acquired after the death of the testator.   This seems to us
to beg the question, which is merely one of assignability and
consequent survivorship.

Looking beyond the mere surface of the thing, the heir of
an heir has, on descent cast, exactly the same direct pecuniary
interest that the deceased heir had.   In either case, but for

the will, the same property rights would have descended first to the heir, then to the heirs of the heir. We can see no sound reason, either in equity or in the words of the statute, for limiting the right to protect this interest by contest to the person in whom it is vested at the date of the testator's death. The nature of the interest is in no sense changed in passing from the heir to his successor. It is a property right in no sense purely personal to the heir of the testator, else it could not descend to the heirs of such heir even if there were no will. The statute does not, in express terms, nor by necessary implication, fix a specific time when the interest shall accrue in the contestant. It does fix a limit of one year within which the contest shall be instituted. It seems to us, therefore, that any person acquiring an interest within that year, which but for the will would accrue to his pecuniary advantage, should have the right to contest the validity of the will within that time. It may be stated as a sound postulate that, in construing remedial statutes, that construction will be preferred, if the language of the statute permit, which will subserve the right rather than that which may perpetuate a wrong. Assume that a will disinheriting the heir is forged, or procured by undue influence; the heir institutes a contest and dies pending suit, leaving children. The Illinois doctrine would deprive these children of any remedy and thus perpetuate the wrong. We cannot subscribe to a construction fraught with such possibilities, in the absence of a clear legislative mandate.

We are not impressed with the argument that will contests are avaricious and should not be encouraged. Fraudulent wills are also avaricious and should not be encouraged. While this argument may be sound to the extent of requiring clear proof of fraud or undue influence, it should not close the courts to the righting of wrongs. That is the very purpose for which courts were instituted. We are constrained to adhere to the rule announced in *In re Siebs' Estate, supra.*

The judgment is reversed, and the cause remanded with directions to reinstate it and to permit the substitution.

CROW, C. J., FULLERTON, MAIN, and MORRIS, JJ., concur.