[No. 14265.  Department One.  December 7, 1917.]

C. E. RAY, *Administrator etc.; Respondent*, v. INDUSTRIAL INSURANCE COMMISSION, *Appellant.*[1]

MASTER AND SERVANT—COMPENSATION FOR INJURY—SURVIVAL OF RIGHT—STATUTES.  The right to compensation under the workmen's compensation act, Rem. Code, § 6604-1 *et seq.*, does not survive to the personal representative; in view of Id., § 6604-10, providing that a claim shall not be assigned or subject to execution and that it shall not pass to any other person by operation of law.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered December 12, 1916, upon findings in favor of the plaintiff, awarding a claim for compensation from the accident fund, upon appeal from a decision of the industrial insurance commission.  Reversed.

*The Attorney General* and *Howard Waterman, Assistant*, for appellant.

*Gus L. Thacker*, for respondent.

WEBSTER, J.—On May 28, 1914, Logan Murphy, while engaged in an extra hazardous occupation included within the scope of chapter 74, Laws of 1911, p. 345 (Rem. Code, § 6604-1 *et seq.*), commonly known as the workmen's compensation act, received an injury which resulted in the total loss of his left eye.  This injury constituted a permanent partial disability as defined by the act, and under the schedule of allowances as fixed by the industrial insurance commission, entitled him to an award of $850 from the accident fund.  In due time and in the manner provided by law, he filed with the commission his claim for compensation, but before a warrant in payment thereof had been issued and delivered to him, he was accidentally killed, the cause of his death being in no way connected with his employment.  The deceased left no heirs and no estate, other than his claim against the insur-

[1]Reported in 168 Pac. 1121.

ance fund; however, there are outstanding debts amounting approximately to $400. Thereafter the plaintiff was appointed his administrator, and later made demand upon the industrial insurance commission for the amount stated. The commission refused to pay, and the plaintiff appealed to the superior court. After a trial upon the merits, judgment was entered in plaintiff's favor, from which the industrial insurance commission has appealed to this court.

Considerable space in the briefs is devoted to a discussion of whether the claim filed was acted upon and allowed by the commission. As we view the case, it is not necessary to determine this question, it being conceded that no warrant therefor was issued and delivered prior to the death of the deceased. The sole issue involved is, Did the right to compensation pass to the personal representative as an asset of Murphy's estate? Section one of the act referred to provides:

"The State of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extra hazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Laws of 1911, pp. 345, 346 (Rem. Code, § 6604-1).

Within the scope of its operation, the rights conferred and the benefits to be derived therefrom, likewise, the persons by whom and the manner in which such rights are to be exercised and benefits received, are deemed exclusive. The claim upon which the plaintiff's action is based has its source in this statute. As all compensation for injuries received in such extra hazardous employment and all causes of action therefor are abolished, except as in the act provided, it necessarily follows that, unless the statute confers the right

upon the plaintiff, the cause of action does not exist; moreover, the granting power may likewise limit, control or take away the rights conferred.    Section 10 of the act provides:

"No money paid or payable under this act out of the accident fund shall, prior to the issuance and delivery of the warrant therefor, be capable of being assigned, charged, nor ever be taken in execution or attached or garnished, nor shall the same pass to any other person by operation of law.    Any such assignment or charge shall be void."    Laws of 1911, p. 364, § 10 (Rem. Code, § 6604-10).

This court, in keeping with the universal rule, has held that the test of survivorship of a cause of action is its assignability, and conversely, the test of assignability is survivorship, which is to say assignability and survivability are convertible terms.    *Ingersoll v. Gourley,* 72 Wash. 462, 130 Pac. 743; *Slauson v. Schwabacher Bros. & Co.,* 4 Wash. 783, 31 Pac. 329, 31 Am. St. 948; *Conaway v. Co-Operative Homebuilders,* 65 Wash. 39, 117 Pac. 716.

Since the assignment of the claim is expressly prohibited prior to the issuance and delivery of the warrant—an event which did not occur in the decedent's lifetime, or at all; and since the statute further provides "nor shall the same pass to any other person by operation of law," the conclusion seems irresistible that the cause of action does not survive to the personal representative of the deceased, but is a right limited to the injured workman or his dependents as defined by the statute.

The expression "operation of law" is defined in Bouvier's Law Dictionary (Rawle's 3d ed.) as: "A term applied to indicate the manner in which a party acquires rights without any act of his own."

The right asserted by the plaintiff was so acquired; and inasmuch as it is not conferred by the statute under consideration, but, on the contrary, is expressly denied thereby, the action cannot be maintained.    The language is plain and unambiguous.    It leaves no room for construction.    To hold

otherwise is not to interpret the statute but to annihilate it. Legislation of this character is of recent enactment, differing widely ·in scope and effect, hence precedents are few and recourse to analogy of little assistance.   However, the following cases are instructive upon the principles involved:   *Wozneak v. Buffalo Gas Co.*, 175 App. Div. 268, 161 N. Y. Supp. 675; *Murphy's Case*, 224 Mass. 592, 113 N. E. 283; *National Bank of Commerce v. Downie*, 218 U. S. 345, 20 Ann. Cas. 1116, note; *Wells v. Edwards Hotel & City R. Co.*, 96 Miss. 191, 50 South. 628, 27 L. R. A. (N. S.) 404, note.

The legislatures of California and Wisconsin in enacting similar laws, having in mind that survivability depended upon assignability, inserted the following clause to preserve the right of action against abatement:

"No claim for compensation under this act shall be assignable before payment, but this provision shall not affect the survival thereof."   Laws California 1911, ch. 399, p. 805, § 22; Laws Wisconsin 1911, ch. 50, p. 55, § 23.

This is especially significant in light of the fact that the courts in both of these jurisdictions were committed to the same test of survivability as that adhered to in this state. *Hannon v. Harper*, 9 Cal. App. 260, 98 Pac. 685; *Puffer v. Welch*, 144 Wis. 506, 129 N. W. 525, Ann. Cas. 1912A 1120.

We conclude that the judgment of the superior court should be reversed.   It is so ordered.

Ellis, C. J., Parker, Main, and Fullerton, JJ., concur.