[No. 25558. Department Two. August 16, 1935.]

IVIE M. WINTERMUTE, *Respondent,*.v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 48 P. (2d) 627.

*The Attorney General* and *Browder Brown, Assistant (W. E. Heidinger,* of counsel), for appellant.

*Phil K. Eaton* and *Edgar P. Reid,* for respondent.

Mitchell, J.—This is an appeal in an industrial insurance case from the judgment on the verdict of the jury awarding respondent, Ivie M. Wintermute, compensation, spoken of as a pension, for the death of her husband, Peter Wintermute, and for compensation for which he made application prior to his death, the judgment providing that the department fix such amounts according to the terms of the statute.

Peter Wintermute, while working for the Weyerhaeuser Timber Company in extrahazardous employment, on May 8, 1930, received an accidental fracture of his left hip. His claim for compensation was allowed and finally closed December 28, 1931, with payment for time loss to December 10, 1931, and an award of twenty-five degrees permanent partial disability.

In January, 1933, he made an application to reopen his claim, on the ground of aggravation of his disability, and, on its being denied, applied for a rehearing before the joint board of the department of labor and industries. That board granted a rehearing, but before it was held, he died on February 10, 1933. His widow, Ivie M. Wintermute, then filed an application for compensation, spoken of as a pension, on account of his death, on the ground that the injury suffered by him on May 8, 1930, was the cause of his death. She also made claim for compensation due deceased for which he applied prior to his death.

Upon both of her claims being disallowed by the department, including the joint board, she appealed to the superior court. The cause was tried to a jury, over the objections of the department. The verdict of the jury was that the disability of Peter Wintermute

became aggravated after December 10, 1931, and that his death on February 10, 1933, was due to the injury he received on May 8, 1930. The department's motion for a judgment notwithstanding the verdict and, in the alternative, for a new trial was in all respects denied.

The judgment entered was (1) that the decision of the joint board of the department of labor and industries be reversed, and the case remanded to the department with directions to allow the widow the pension provided by law; (2) that the department reopen the claim of Peter Wintermute, deceased, and pay to his widow compensation for the temporary total disability on account of aggravation of the condition of said deceased preceding his death, the same to be paid according to law; and (3) an attorney's fee for the plaintiff in the sum of one thousand dollars, and for other costs and disbursements.

The department has appealed.

Because Rem. Rev. Stat., § 7679 [P. C. § 3472], subdivision (h), provides:

"(h) If *aggravation*, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established or compensation terminated, in any case the director of labor and industries, through and by means of the division of industrial insurance, may, upon the application of the beneficiary, made within three years after the establishment of termination of such compensation, or upon his own motion, readjust for further application the rate of compensation in accordance with the rules in this section provided for the same, or in a proper case terminate the payment: . . ." (Italics ours.)

and because, by other parts of the same section, provision is made for monthly payments to an injured workman during total disability, whether permanent or temporary, appellant discusses the second provision of the judgment that the claim of the decedent for com-

pensation on account of aggravation of his condition preceding his death be reopened and that the same be paid according to law, as referring to monthly payments or compensation for time loss, as it is commonly called.

Accordingly, the first assignment is that the court erred in receiving evidence relating to, and in providing in the judgment for, allowance to the respondent widow for time loss on account of the aggravation of the disability of deceased prior to his death, the contention being that the right to compensation for time loss does not survive to the widow. Section 10 of the original workmen's compensation act, chapter 74, Session Laws of 1911, p. 364, is as follows:

"Sec. 10. Exemption of Awards.
"No money paid or payable under this act out of the accident fund shall, prior to issuance and delivery of the warrant therefor, be capable of being assigned, charged, nor ever be taken in execution or attached or garnished, nor shall the same pass to any other person by operation of law. Any such assignment or charge shall be void."

In *Ray v. Industrial Insurance Commission*, 99 Wash. 176, 168 Pac. 1121, the plaintiff, as *administrator* of the estate of a deceased workman, instituted proceedings to recover compensation under the act, for which no warrant had issued at the time of the workman's death. Construing § 10, it was held that, because

". . . the assignment of the claim is expressly prohibited prior to the issuance and delivery of the warrant—an event which did not occur in the decedent's lifetime, or at all; and since the statute further provides 'nor shall the same pass to any other person by operation of law,' *the conclusion seems irresistible that the cause of action does not survive to the personal representative of the deceased, but is a right limited to the injured workman or his dependents as defined by the statute.*" (Italics ours.)

Section 10 of the original act has been continued in force at all times since, and, as such, is a part of Remington's *Compiled* Statutes, § 7684. After the decision in the *Ray* case, a proviso was added to the section by the legislature of 1923, as appears from § 4, chapter 136, Session Laws 1923, p. 399 (Rem. Rev. Stat., § 7684 [P. C. § 3478]), which is as follows:

"Sec. 4. That Section 7684 of Remington's Compiled Statutes of Washington be amended to read as follows:

"Section 7684. No money paid or payable under this act out of the accident fund shall, prior to issuance and delivery of the warrant therefor, be capable of being assigned, charged, nor ever be taken in execution or attached or garnished, nor shall the same pass to any other person by operation of law. Any such assignment or charge will be void: . . . Provided, *That if any workman shall suffer any injury and shall die therefrom before he shall have received payment of any monthly installment covering time loss for any period of time prior to his death, the amount of such monthly payment shall be paid to his widow, if he leave a widow, or to his child or children if he leave a child or children, and shall not leave a widow."* (Italics ours.)

Now, the argument on behalf of appellant, as we understand, is that the proviso in no way restrains or modifies the first part of the section concerning the assignability of the claim or its passing to another person by operation of law, as construed in *Ray v. Industrial Insurance Commission, supra;* and that, in the present case, the widow is not entitled to collect such compensation, notwithstanding the amendment, because time loss on account of aggravation of disability had not, prior to the death of Peter Wintermute, become liquidated and a warrant or warrants therefor issued and delivered.

Manifestly, the argument proceeds upon a misun-

derstanding of the holding in *Ray v. Industrial Insurance Commission, supra.* The irresistible conclusion, spoken of in that case, was "that the cause of action does not survive *to the personal representative of the deceased.*" That is, an administrator, as Ray was in that case, is not entitled to collect, for the benefit of the general creditors and heirs of the decedent, compensation due a deceased workman. That such is and was intended to be the effect and limit of the holding in that case is made clear by the last clause in that portion of the decision, already italicized herein, as follows: " . . . *but is a right limited to the injured workman or his dependents as defined by the statute.*"

That is, the right to compensation for time loss, uncollected by the workman who dies from his injuries, shall be paid to his widow, if he leave one, or to his child or children, if he leave one or more and shall not leave a widow. That is what the proviso in the amendment accomplishes, and it is not in conflict with the holding in the *Ray* case nor the terms of the first part of the statute.

The statute on appeals from the department to the superior court (Rem. Rev. Stat., § 7697 [P. C. § 3488]) provides that a certified copy of the complete record of the department on the claim shall be served on the appellant and filed with the clerk of the court, and that, upon being so filed, shall "become a part of the record in such case."

At the trial in this case, after much of the record had been introduced or read in evidence before the jury, the appellant offered the whole record as such. The offer was rejected. No offer was then made of any particular instrument or part of the record. The ruling rejecting the offer of the whole record is assigned as error.

The record in this case contains much more than one hundred separate instruments, a large part of which became a part of the record prior to the closing of the claim in December, 1931. The instruments are of the kind usually found in such departmental proceedings, consisting of letters, statements; expense accounts, unsworn reports, depositions, etc. A most casual examination of them shows that many, if not nearly all of them, throw no light on the questions that were to be decided by the jury. In the argument on this assignment, counsel for appellant does not specify or identify any one of the instruments, not in evidence, which, it is claimed, would in any manner have helped its case. For aught that appears, there is at least no prejudicial error suggested or, as we are advised, presented by the argument upon this assignment of error.

The next assignment is that error was committed in submitting the case to the jury at all, the contention being that the evidence was insufficient to warrant a verdict that death was caused by the injuries suffered by the decedent. Without reciting or setting out the evidence or attempting to refer to it otherwise in detail, we are satisfied that it was clearly sufficient to sustain the verdict upon this, the principal question in the case.

The assignment that the court erred in giving certain instructions to the jury cannot be considered other than to say that the exceptions taken are general and insufficient under the requirements of Rule of Practice VI, 159 Wash. lxi; Rem. Rev. Stat., § 308-6 [P. C. § 8676-9], which requires exceptions to be specific. *Bown v. Tacoma,* 175 Wash. 414, 27 P. (2d) 711; *State v. Eckert,* 173 Wash. 93, 21 P. (2d) 1035; *Helf v. Hansen & Keller Truck Co.,* 167 Wash. 206, 9 P. (2d) 110.

The next three assignments of error, 5, 6 and 7, are,

in effect, disposed of contrary to the claims of the appellant by what has already been said in discussing the preceding assignments.

The final assignment is that error was committed in allowing respondent's attorneys a fee of one thousand dollars for their services. Such sum, it is contended, is unreasonable and excessive. The statute (Rem. Rev. Stat., § 7697 [P. C. § 3488]) provides for an attorney's fee, not in excess of *a reasonable fee,* in an appeal from the department to the courts, resulting as this appeal has, the same to be paid out of the administrative fund.

There is nothing difficult in the procedure for attorneys in taking an appeal—the burden being mostly on the department to file a certified record in the superior court. The trial in this case to a jury, it appears, lasted about one day. The statement of facts contains sixty-eight typewritten pages. Other features of the case, essential to be considered in fixing the fee, though not more specifically mentioned or referred to here, have been duly considered, and, in our opinion, the amount fixed by the trial court is so greatly unreasonable and excessive as to require a modification; and, while the amount we fix must not be taken as a rule by which attorneys' fees in other cases may be fixed (each case depending upon its own circumstances in that respect), we are of the opinion that the judgment for one thousand dollars as a reasonable attorney's fee in this case should be, and direction is hereby given that it be, modified so as to provide for four hundred dollars as a reasonable attorney's fee.

The case is remanded, with directions to modify the judgment as to the attorney's fee, as above specified. In all other respects, the judgment is affirmed.

BLAKE, MAIN, HOLCOMB, and STEINERT, JJ., concur.