[No. 34957. Department One. June 18, 1959.]

ROSE LUTCH, as *Administratrix, Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Walter F. Robinson, Jr., Assistant,* for appellant.

*Foster & Foster,* for respondent.

HUNTER, J.—This appeal involves the question of whether an industrial insurance claim survives to the claimant's personal representative upon the claimant's death.

Michael H. Lutch, now deceased, was injured while engaged in extrahazardous employment in the logging industry, for which he filed a claim with the department of labor and industries on August 9, 1950. He was awarded fifty

[1]Reported in 340 P. (2d) 786.

per cent of the maximum allowable for unspecified disabilities. This claim was closed June 22, 1951. On September 18, 1953, he filed an application to reopen the claim on the grounds of aggravation of his disability. On June 10, 1955, the claim was closed in accordance with a stipulation between the parties. He thereafter filed an application to reopen his claim on April 17, 1956, and, on June 11, 1956, his application was denied. He appealed to the board of industrial insurance appeals and hearings were held, the last one on August 20, 1957. The matter was then concluded and submitted to the board for determination. October 29, 1957, prior to the board making any determination of the claim, Mr. Lutch died. On December 27, 1957, the board entered its order dismissing the appeal for the reason that the claim had abated on Mr. Lutch's death without prejudice to any claim his widow might have in her own right. Within thirty days from the entry of the board's order, Rose Lutch, administratrix of the estate of her husband, filed an appeal in the superior court for Thurston county. The superior court denied the department's motion to dismiss the appeal and entered its order remanding the cause to the board of industrial insurance appeals with directions to consider the merits of the claim. The department thereupon appealed to this court.

The appellant assigns error to the failure of the trial court to grant its motion to dismiss the appeal by the administratrix, and in entering its order remanding the cause to the board of industrial insurance appeals.

The sole question essential for the determination of this appeal, is whether the action of the deceased claimant against the department survives to the personal representative of his estate. The answer to the question is contained in RCW 51.32.040, as follows:

"No money paid or payable under this title out of the accident fund or out of the medical aid fund shall, prior to the issuance and delivery of the warrant therefor, be capable of being assigned, charged, or ever be taken in execution or attached or garnished, nor shall the same pass, or be paid, to any other person by operation of law, or by any

form of voluntary assignment, or power of attorney. Any such assignment or charge shall be void: . . ."

■ This statute, exclusive of the provisos with which we are not here concerned, has been the law of this state since the original enactment of the workmen's compensation act in 1911. The statutory language was first construed in *Ray v. Industrial Ins. Comm.*, 99 Wash. 176, 168 Pac. 1121 (1917), which has been consistently followed in our subsequent decisions and is now the established law of this state. There we said:

" . . . The claim upon which the plaintiff's [personal representative of the deceased claimant] action is based has its source in this statute. As all compensation for injuries received in such extra hazardous employment and all causes of action therefor are abolished, except as in the act provided, it necessarily follows that, unless the statute confers the right upon the plaintiff, the cause of action does not exist; moreover, the granting power may likewise limit, control or take away the rights conferred. . . .

" . . .

" . . . assignment of the claim is expressly prohibited prior to the issuance and delivery of the warrant—an event which did not occur in the decedent's lifetime, or at all; and since the statute further provides 'nor shall the same pass to any other person by operation of law,' *the conclusion seems irresistible that the cause of action does not survive to the personal representative of the deceased, but is a right limited to the injured workman or his dependents as defined by the statute.*" (Italics ours.)

See *Zahler v. Department of Labor & Industries*, 125 Wash. 410, 217 Pac. 55 (1923); *Wintermute v. Department of Labor & Industries*, 183 Wash. 169, 48 P. (2d) 627 (1935); *Calkins v. Department of Labor & Industries*, 10 Wn. (2d) 565, 117 P. (2d) 640 (1941); *Albertson v. Department of Labor & Industries*, 28 Wn. (2d) 750, 184 P. (2d) 53 (1947); *Carl v. Department of Labor & Industries*, 38 Wn. (2d) 890, 234 P. (2d) 487 (1951); *Curry v. Department of Labor & Industries*, 49 Wn. (2d) 93, 298 P. (2d) 485 (1956).

In the instant case the cause of action of the deceased does not survive to the administratrix (respondent). The

trial court erred in failing to grant the department's motion to dismiss the respondent's action.

The judgment of the trial court should be reversed, and the cause remanded with directions that respondent's action be dismissed without prejudice to any rights of the widow in her individual capacity.

It is so ordered.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.