[No. 36330. Department Two. November 27, 1963.]

JERRY MORIARTY, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*\*

*The Attorney General* and *William J. Van Natter, Assistant,* for appellant.

*Walthew, Warner & Keefe,* by *James E. McIver* and *Fred W. Loomis,* for respondent.

\*Reported in 387 P. (2d) 55.

DONWORTH, J.—This is an appeal by the Department of Labor and Industries from a judgment entered on the record on October 20, 1961, decreeing that respondent, Jerry Moriarty was entitled to be placed on a pension roll "effective the day his time loss compensation was last terminated subsequent to January 6, 1958."

Respondent sustained an injury on September 8, 1956, in the course of his employment as a fireman with Grays Harbor Veneer Corporation, when he stepped off the edge of a plank walk while emptying a bucket of ashes, and he fell approximately 14 feet to the ground, where he lay unconscious for 30 minutes. His claim, based thereon, was allowed, time-loss compensation was paid, and medical treatment was provided. On November 5, 1956, the Supervisor of Industrial Insurance entered an order closing the claim with no award for permanent partial disability.

January 6, 1958, respondent filed with the Department of Labor and Industries an application to reopen the claim because of aggravation of his condition. May 21, 1958, the supervisor entered an order reopening the claim effective as of January 6, 1958. We shall not detail the various subsequent hearings, orders, and appeals at the administrative level. It is sufficient for our present purposes to state that the Board of Industrial Insurance Appeals, on June 5, 1961, entered an order granting respondent a permanent partial disability award of 40 per cent of the maximum allowable for unspecified disabilities less prior awards. The board denied respondent's contention that his loss of visual acuity in the right eye was a result of his industrial injury.

Respondent appealed this order to the superior court. The appeal raised two issues: (1) the adequacy of the disability rating made in respect to his aggravation claim, and (2) whether the industrial injury caused the loss of vision in respondent's right eye. The trial court, sitting with a jury, heard the reading of the board record. Thereafter, without submitting the issues to the jury, the trial court, upon motion by respondent's counsel, ruled as a matter of law that respondent was permanently and *totally* disabled and entitled to be placed on the pension rolls.

The Department of Labor and Industries has appealed to this court. The cause was argued on January 22, 1963.

At this point we digress to consider the legal effect of respondent's death, which occurred on March 28, 1963, while the case was pending in this court. He was not survived by his wife nor by any children.

On July 19, 1963, Constance Franklin, who had been appointed executrix of Mr. Moriarty's estate in accordance with the provisions of his will, was, upon her petition to this court, substituted as respondent herein in lieu of Mr. Moriarty.

In order that all interested parties might be afforded an opportunity to be heard as to the legal consequences resulting from Mr. Moriarty's death upon the pending appeal, a show cause order was issued requiring Constance Franklin to appear before this court on September 13, 1963, to show cause why this case should not be remanded to the superior court with directions to dismiss this appeal.

Notice of this hearing was given to all counsel of record and to counsel for the executrix with a request that they submit briefs and present oral argument as to the status of the appeal in view of Mr. Moriarty's death. All counsel filed briefs and argued orally on the return day. The principal issue discussed was whether, under our prior decisions,[1] the judgment of the trial court was property which survived him or was only a claim which perished at his death. See RCW 51.32.040 and .080(5), which in their present form became effective February 14, 1961.

In view of the conclusion which we have arrived at as to the merits of this appeal, we do not find it necessary to decide this question of survival of the action. For reasons stated below, we hold that the trial court's judgment must

---

[1]The principal cases discussed in the briefs were: *Ray v. Industrial Ins. Comm.*, 99 Wash. 176, 168 Pac. 1121 (1917); *Calkins v. Department of Labor & Industries*, 10 Wn. (2d) 565, 117 P. (2d) 640 (1941); *Albertson v. Department of Labor & Industries*, 28 Wn. (2d) 750, 184 P. (2d) 53 (1947); *Carl v. Department of Labor & Industries*, 38 Wn. (2d) 890, 234 P. (2d) 487 (1951); *Curry v. Department of Labor & Industries*, 49 Wn. (2d) 93, 298 P. (2d) 485 (1956); *Lutch v. Department of Labor & Industries*, 54 Wn. (2d) 373, 340 P. (2d) 786 (1959).

be reversed, and, consequently, there is no judgment which can be held to be property of respondent.

To avoid confusion we shall, in our subsequent discussion of the merits, continue to refer to Mr. Moriarty as respondent notwithstanding the substitution of the executrix as respondent herein.

■ Appellant's contentions on appeal are that there was no evidence that the industrial injury was the proximate cause, in fact or in law, of total disability, and that, if there was such evidence, a factual issue was presented which should have been submitted to the jury. We agree with the latter contention.

In *Jacobson v. Department of Labor & Industries,* 37 Wn. (2d) 444, 448, 451, 224 P. (2d) 338 (1950), we said:

"Whether a given disability is the result of injury or solely of a pre-existing infirmity, is normally a question of fact. *Brittain v. Department of Labor & Industries,* 178 Wash. 499, 35 P. (2d) 49. Therefore, in the ordinary case, it is properly a matter for the resolution of the jury. . . .

" . . .

" . . . it is equally well settled that, where a court, in an industrial insurance appeal, is passing upon the sufficiency of the evidence, it must apply the rule that, if this evidence offers room for a difference of opinion in the minds of reasonable men, then the case must be presented to the jury. *Nelson v. Department of Labor & Industries,* 9 Wn. (2d) 621, 115 P. (2d) 1014; *Husa v. Department of Labor & Industries,* 20 Wn. (2d) 114, 146 P. (2d) 191."

In the instant case, the Board of Industrial Insurance Appeals, in support of its order granting respondent a permanent partial disability award of 40 per cent of the maximum allowable for unspecified disabilities entered the following finding:

"4. Prior to the injury of September 8, 1956, the claimant had a pre-existing but non-symptomatic and non-disabling arthritic condition of the neck, spine and hips. The injury of September 8, 1956, aggravated this pre-existing condition, causing it to become symptomatic, and resulting in permanent disability of the neck, back and hips evidenced by limitation of motion and pain in the neck, back and hips, and neurological changes in the left leg, which increased between November 5, 1956, and May 28, 1959, to the extent

that on or about May 28, 1959, the claimant's permanent disability by reason thereof was equal to 40% of the maximum authorized for unspecified disabilities."

Respondent's medical witness testified that respondent's industrial injury aggravated his pre-existing arthritic condition, and estimated his disability at about 45 per cent of the unspecified permanent partial disability.

Appellant's medical witness, Dr. Brugman, testified that, when he examined respondent, respondent was 78 years of age and probably would not work any more "naturally." He testified that he did not believe that respondent's arthritic condition was related to the injury, and estimated the results of the injury to be about 20 per cent of the maximum of unspecified partial disability. On cross-examination, Dr. Brugman tacitly admitted that, considering everything, respondent was probably totally disabled.

A factual issue was presented as to the extent of respondent's disability and the causal relation thereto of his arthritic condition. The trial court erred in taking the case from the jury and ruling as a matter of law that respondent was totally disabled. The judgment must be reversed.

The cause would normally be returned for new trial; but, the original respondent is now deceased. Since there is no wife or child surviving, his claim abates, and his appeal to the superior court must now be dismissed.

It is so ordered.

OTT, C. J., FINLEY, and HAMILTON, JJ., concur.

HUNTER, J. (concurring specially)—I concur; however, having only heard argument on the merits of this action, I limit my concurrence to approving the reversal of the judgment.

WEAVER, J. (concurring specially)—Having heard argument only upon the order to show cause why the appeal to the superior court should not be dismissed, I limit my concurrence to approval of the dismissal.