[No. 56645-3.   En Banc.   March 29, 1990.]

JOSEPHINE JOHNSON, as *Personal Representative, Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Schroeter, Goldmark & Bender,* by *James D. Hailey,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *G. Bruce Clement, Assistant,* for respondent.

BRACHTENBACH, J.—The issue, as stated by appellant, is: "Does a claim for time loss compensation benefits survive to the estate of an injured worker where no final order or judgment was issued prior to the claimant's death and

where the claimant left no surviving spouse or dependent children." Brief of Appellant, at 1.

This case arises from a 1977 work related injury to George Turner. A claim was allowed and time loss and other benefits paid until the claim was closed with a permanent partial disability award in 1981. The worker protested, but the claim was again closed in 1984 without any additional award. Turner appealed to the Board of Industrial Insurance Appeals. A hearing on the appeal was held, but before issuance of a proposed decision, Turner was killed in a car–pedestrian accident. He left no surviving spouse or children.

The personal representative was substituted for the claimant on appeal. The motion of the Department of Labor and Industries to dismiss the appeal on the ground that the worker's death abated the claim was granted. On appeal the Superior Court affirmed the dismissal. We affirm.

There are two statutes involved, RCW 51.32.040 and RCW 4.20.046. We turn first to RCW 51.32.040 which provides, in relevant part: "No money . . . payable under this title shall . . . prior to the issuance and delivery of the check or warrant therefor, be capable of being assigned . . . nor shall the same pass, or be paid, to any other person by operation of law . . .." The statute goes on to provide that if the worker dies before receipt of certain benefits, those benefits "shall be paid to the surviving spouse, or to the child or children if there is no surviving spouse".

The cases interpreting the statute have held uniformly that the unpaid claim of a deceased worker does not survive to the worker's personal representative, but passes only to statutory beneficiaries, *i.e.*, the surviving spouse, child or children. *Ray v. Industrial Ins. Comm'n*, 99 Wash. 176, 168 P. 1121 (1917); *Zahler v. Department of Labor & Indus.*, 125 Wash. 410, 217 P. 55 (1923); *Wintermute v. Department of Labor & Indus.*, 183 Wash. 169, 48 P.2d 627 (1935); *Lutch v. Department of Labor & Indus.*, 54 Wn.2d 373, 340 P.2d 786 (1959).

*Ray* was the first case interpreting the statute. The court held: "[T]he cause of action does not survive to the personal representative of the deceased, but is a right limited to the injured workman or his dependents as defined by the statute." *Ray,* at 178.

*Lutch v. Department of Labor & Indus., supra,* is almost identical factually to this case. The court, in holding the claim did not survive to an administratrix, declared the *Ray* holding to be the established law. The widow was the personal representative in *Lutch,* but the holding was only as to her representative capacity, not as to her widow's statutory benefits. *Lutch,* at 376.

Appellant contends that these cases are no longer the law because of the 1961 enactment of RCW 4.20.046(1), which provides:

> All causes of action by a person or persons against another person or persons shall survive to the personal representatives of the former and against the personal representatives of the latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law or prior to the date of enactment of this section . . ..

The 1961 act, Laws of 1961, ch. 137, repealed RCW 4.20-.040, the prior survival statute, which had been interpreted to mean that only those causes of action which survived at common law survived under the statute. At common law the test of survivability was assignability. *Ingersoll v. Gourley,* 72 Wash. 462, 466, 130 P. 743 (1913).

Appellant reasons that the prohibition against assignment contained in RCW 51.32.040, and relied upon in the *Ray* case, is no longer a basis for denial of survivability because RCW 4.20.046 dictates that such is no longer a test of survivability.

■ If assignability at common law were the only test of survivability, under these facts we would agree with appellant. However, both the statute and the *Ray* decision mandate an opposite conclusion. The statute does not only prohibit an assignment, it also provides that the claim shall not pass by operation of law, except to the surviving spouse, or child or children. The *Ray* decision was based on

both grounds, nonassignability and nonpassage by operation of law.

From the first enactment of the industrial insurance law, RCW 51.04.010 has provided that all civil causes of action for covered injuries "are hereby abolished, except as in this title [RCW Title 51] provided." We have consistently recognized the exclusive nature of RCW Title 51 claims. *E.g.*, *West v. Zeibell*, 87 Wn.2d 198, 550 P.2d 522 (1976); *Wolf v. Scott Wetzel Servs., Inc.*, 113 Wn.2d 665, 782 P.2d 203 (1989).

We are persuaded that the express prohibition in RCW 51.32.040 against passage by operation of law and the exclusive remedies provided in RCW Title 51 are not overcome by the general language of RCW 4.20.046. Our conclusion is reinforced by the provisions in RCW 51.32.040 which specify that certain benefits do survive to named beneficiaries.

We recognize that appellant advances cogent reasons why it might be desirable to have any claim of a deceased worker survive to the personal representative. But given the statutory mandate that the claim shall not pass by operation of law, appellant's arguments must be addressed to the Legislature.

CALLOW, C.J., and UTTER, DOLLIVER, ANDERSEN, DURHAM, and SMITH, JJ., concur.

DORE, J. (dissenting)—I dissent. RCW 4.20.046 and RCW 51.32.040 are compatible with one another and can be harmonized. The enactment of RCW 4.20.046 calls for a reinterpretation of the survivability of claims under RCW 51.32.040. I believe that the survival of claims statute clearly governs the survivability of time loss compensation claims and, therefore, I dissent.

The survival of claims statute is clear and unambiguous. That statute provides that:

> All causes of action by a person or persons against another person or persons *shall survive* to the personal representatives of the former and against the personal representatives of the

latter, whether such actions arise on contract or otherwise, and whether or not such actions would have survived at the common law . . ..

(Italics mine.) RCW 4.20.046. The survival of claims statute, enacted in 1961, repealed former RCW 4.20.040 which had been interpreted to mean that only those causes of action which survived at common law survived in this State. With the passage of RCW 4.20.046 the Legislature established that *all* causes of action shall survive, provided, however, that there can be no recovery by a personal representative of damages for "pain and suffering, anxiety, emotional distress, or humiliation personal to and suffered by a deceased." RCW 4.20.046. *See Harvey v. Cleman,* 65 Wn.2d 853, 857, 400 P.2d 87 (1965).

RCW 51.32.040, a section of the Industrial Insurance Act, states in part that:

> No money paid or payable under this title shall . . . prior to the issuance and delivery of the check or warrant therefor, be capable of being assigned, charged, or ever be taken in execution or attached or garnished, nor shall the same pass, or be paid, to any other person by operation of law, or by any form of voluntary assignment, or power of attorney.

Prior to the enactment of RCW 4.20.046, the issue of whether or not a claim survived a claimant's death was a matter of common law. *See Cooper v. Runnels,* 48 Wn.2d 108, 291 P.2d 657, 57 A.L.R.2d 597 (1955). Under the common law of this State, the test of survivorship of a cause of action was its assignability, and conversely, the test of assignability was survivorship. *See Ingersoll v. Gourley,* 72 Wash. 462, 130 P. 743 (1913).

In the first case addressing the issue of the survivability of a workers' compensation claim when the deceased worker was not survived by a spouse or children, *Ray v. Industrial Ins. Comm'n,* 99 Wash. 176, 168 P. 1121 (1917), this court applied the common law test because the Industrial Insurance Act did not make a clear statement on the subject. In *Ray,* since the Act did not deal with the survivability of a claim to the estate, this court focused on the issue of the lack of assignability of such a claim and determined that it

did not survive the worker's death. *Ray,* 99 Wash. at 178. The *Ray* court found that RCW 51.32.040 clearly stated that such a claim was not assignable, and subsequent cases have repeated the assertion in *Ray* that the statute was unambiguous in regard to assignability. *Ray,* 99 Wash. at 178; *see, e.g., Lutch v. Department of Labor & Indus.,* 54 Wn.2d 373, 340 P.2d 786 (1959). Since assignability and survivability were treated the same under common law, this court logically reasoned that if one could not assign an industrial insurance claim then such a claim would not survive.

The survival of claims statute abandoned the common law rule of survivability of claims and expressly stated that *all causes of action shall survive.* The statute severs the common law link between assignability and survivability of claims and undermines the authority of *Ray.* Absent the *ruling in Ray and its progeny, the unambiguous language of* RCW 4.20.046 controls.

The language of RCW 4.20.046 and RCW 51.32.040 do not conflict. The latter is silent regarding the survivability of claims where the deceased worker leaves no spouse or dependent children. That statute mandates a preference as to who should receive workers' compensation benefits or the right to receive such benefits if the worker dies. The statute does not state that a claim for benefits abates if the worker dies single and childless. Absent such a provision in RCW 51.32.040, the clear and unambiguous language of RCW 4.20.046 governs and provides that a claim for workers' compensation benefits may be asserted by the deceased worker's personal representative.

The Legislature could not have intended any other result. Denying the survivability of workers' compensation claims would work a severe hardship upon workers without spouses or dependent children. Creditors of an injured worker, including those providing medical treatment and legal assistance to the worker during the processing of a disputed claim, will be less willing to provide credit to the worker if it is known to them that the claim will not survive

to the claimant's estate. There is no reason to treat injured workers differently because of their marital or parental status. All injured workers should have access to adequate care and assistance when pursuing their workers' compensation claims. Determining that RCW 4.20.046 governs the survivability of workers' compensation claims provides a well–reasoned solution to the dilemma created under the common law and cases interpreting RCW 51.32.040.

CONCLUSION

The majority's erroneous interpretation of RCW 51.32-.040 unfairly and illegally deprives injured workers, without spouses or children, of vested property rights.

I would reverse and hold that the death of appellant did not abate his claim for time loss compensation.

GUY, J., concurs with DORE, J.