[No. 29944.  *En Banc.*  August 21, 1947.]

LOUISE ALBERTSON *et al., Appellants,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES *et al., Respondents.*[1]

*Griffin & Gershon* and *Russell F. Stark,* for appellants.

*The Attorney General, Harry L. Parr* and *J. Anton Ster-bick, Jr., Assistants,* for respondent Department of Labor and Industries.

*L. B. Donley,* for respondent Grays Harbor Fuel Company.

ROBINSON, J.—This is an action, by a workman injured in extrahazardous employment, for additional compensation based upon alleged aggravation of disability. The injury occurred, somewhat remotely, December 14, 1935. It was described in the claim, "Strained self pushing sling loads of lumber around to place on truck," and in the physician's report accompanying the claim as, "Rupture of left abdominal muscles from the left costal margin." The claim was closed March 14, 1936, with an allowance for time loss only. The order of the supervisor closing the claim recited:

"And whereas, review of your claim file and medical examination report dated March 6, 1936, indicates you have a condition of infected teeth and pyorrhea probably due to trench mouth which you had four years ago, which pre-existed your injury of above date;

[1] Reported in 184 P. (2d) 53.

"Therefore it has been determined that by sole reason of your injury you are entitled to time loss compensation to March 6, 1936, and no permanent partial disability. Your claim is being advanced for payment on this basis and warrant will go forward in approximately seven days."

No appeal was taken to the joint board from this order of the supervisor closing the claim within the time fixed by law or at all. More than a year later (May 11, 1937), claimant applied for a reopening of the claim on the ground of alleged aggravation of disability. (Incidentally, we may add that it appears from this application that claimant, February 23, 1937, sustained another injury for which claim was filed with the department of labor and industries, claim No. 788849). Claimant was examined by Dr. Allen, who reported his conclusions to the department as follows:

"If this man ever had a rupture of the abdominal muscles at the costal margin, he is entirely recovered from the same, and they have healed normally without leaving any evidence of injury. It is my opinion that he is entirely recovered from the effects of his injury of December 14, 1935, with no P.P.D. His present complaints are in all probability due to a colitis, and this certainly could not be brought about by injury such as he describes. He probably is in need of treatment and diet for his colitis, but this was not brought about and is not due to his injury of December 14, 1935, and his case should be closed with no P.P.D."

June 24, 1937, the supervisor denied the application to reopen the claim, the order reciting:

"In reviewing the recent special examination report of June 16, 1937 in your case by Dr. H. Eugene Allen, it has been determined that there has been no aggravation in your condition due to your injury since the closing of your claim, and no permanent partial disability has been sustained as a result of the injury.

"Under the circumstances no further action will be taken and your claim will remain closed as paid in accordance with our final notice of March 16, 1936."

Claimant appealed from this order of the supervisor to the joint board. The joint board, February 28, 1938, affirmed the action of the supervisor, the order of the board reciting:

"Upon review of the Department record, the Joint Board notes that the supervisor's order of June 24, 1937, was not appealed from within sixty days thereafter as provided by Section 7697, Remington's Revised Statutes; that, therefore, the Statute of Limitations has operated against the issues involved in this appeal and the Joint Board has no jurisdiction; that, therefore, the application should be denied."

No appeal was taken from this order of the joint board to the superior court within the time fixed by law or at all. A year later (July 19, 1939), claimant filed another application to reopen the claim on the ground of alleged aggravation of disability. It is stated by Dr. Sayer in his report accompanying the claim that a laparotomy was performed by him disclosing disabling pathology, and that he recommended reopening of the claim. The abdominal operation was performed January 6, 1938. July 31, 1939, the supervisor advised claimant, by letter, that the claim could not be reopened, as more than three years had elapsed since the closing of the claim. Claimant applied for a rehearing before the joint board. The application recites:

"That on the 6th day of January, 1938, the claimant was operated upon by his attending physician and a consulting physician and that the said operation revealed for the first time numerous injuries which were directly traceable to the injury of December 14, 1935; that thereafter, on the 19th day of July, 1939, the claimant filed another application to reopen his claim based on aggravation thereof which was denied by the decision of the Department from which the claimant is now appealing."

This application was granted by the joint board, "subject to proof that the Statute of Limitations has not operated against the claim." The order of the board recites:

"The Joint Board, therefore, concludes that the Statute of Limitations has apparently operated against the claim since more than three years has elapsed between March 16th, 1936, and July 25th, 1939.

"Therefore, it is hereby ordered that the application for a rehearing be and hereby is granted subject to proof that the Statute of Limitations has not operated against the claim."

Testimony was taken before examiners of the board (November 29 and December 21, 1939). At this hearing, claimant described the injuries he received December 14, 1935, as follows:

"I was driving a truck, had took the truck down to the Pankratz Lumber Company to get a load of lumber and the crane brought a sling load of lumber down to the truck and when he was lowering it on to the truck I had a hold of it and I was straightening it around so he could drop it—I took hold of it to pull it around in place and when I done that why something gave way in my lower left side, snapped, and, well, from then on its continual pain and started continual diarrhea."

Dr. Sayer described the operation performed by him and the disclosures made by the operation. He testified that the operation revealed a rupture of the left liver and a rupture of the spleen, and that these were unexpected findings, and that adhesions on the descending colon were not to be expected, and he testified that, in his opinion, these injuries were caused by the accident of December 14, 1935. Thereafter, the board (January 15, 1940) entered an order sustaining the action of the supervisor in rejecting the claim. The order recites:

"After review and consideration of the entire record, facts and testimony, the Joint Board concludes that the claimant has failed by preponderance of complete and satisfactory testimony to overcome the prima facie presumption of correctness of the Supervisor's action concerning his claim; that the claimant has failed to introduce satisfactory or complete testimony in answer to the Joint Board's order of August 28, 1939, requiring that the claimant submit proof that the Statute of Limitations had not operated against the claim. (Smith vs. Dept., 101 Wash. Dec. 264). That the record discloses the claim was closed in March, 1936, and never thereafter reopened; that at the time the claimant filed his application to reopen the claim on July 25, 1939, the three years Statute of Limitations provided by Section 7679-H, Remington's Revised Statutes, has operated against the claim. That the alleged new and unexpected developments assertedly becoming manifest about January 1, 1938, do not prevent the operation of the three year Statute of Limitations. That even though the claimant's theory were

correct, which the Department and Joint Board deny, that the unexpected developments did not occur until January, 1938, the claimant is still barred by the Statute of Limitations for the reason that admittedly under that theory his condition became known to him as early as January, 1938, yet he still made no proper application to the Department within the three year period from the date of the original closure of the claim or even within one year from January, 1938, but waited until July 1939, which was well beyond one year from the date the full extent of the condition admittedly became known by him and well beyond three years after the closure of the claim in March, 1936. The application for rehearing should be denied and the Supervisor's action sustained for the reason that the Statute of Limitations has operated against the claim. Because of this finding, the Joint Board has made no consideration and rendered no decision concerning the merits of the claim."

No appeal was taken from this order of the joint board to the superior court within the time fixed by law or at all. Almost three years later (December 22, 1942, shortly after the going into effect of chapter 209, p. 624, Laws of 1941), claimant filed another application to reopen the claim on the ground of alleged aggravation of disability. Pending hearing of this application, claimant died December 30, 1942. The cause of death is not disclosed by the record, but it is stated in appellant's brief that it was not caused by the accident of December 14, 1935. January 6, 1943, the supervisor denied the application. The order recites:

"Whereas, by order dated January 15, 1940, the Joint Board has held that the Statute of Limitations has operated, the Supervisor therefore is estopped from further consideration at this time, and the claim must remain closed in accordance with the Department's order mailed to you under date of March 21, 1936."

March 5, 1943, Gladys Albertson, as guardian of minor children of herself and claimant (she was a former divorced wife of claimant, and claimant died without leaving a widow), filed an application for a rehearing and a reopening of the claim before the joint board. The application was granted, "subject to proof that the statute of limitations has not operated against the claim." Testimony was taken be-

fore examiners of the board. Dr. Sayer gave testimony substantially the same as the testimony given at the former hearing, except that he testified that, subsequent to that hearing, claimant's condition became steadily worse, and that, prior to his death, he was practically totally disabled. (Incidentally, it may be noted that the testimony taken at this hearing reveals that claimant, in 1939, sustained another injury when he fell from a scaffold, injuring his back. The record does not disclose whether or not he received compensation for this injury, but there is a letter in the file which indicates that he partially received time loss on that claim [No. 933915] at least.) Thereafter on August 16, 1943, the joint board sustained the action of the supervisor in rejecting the claim. The order of the board recites:

"Dr. Sayer has testified with respect to claimant's condition having become aggravated. Also the guardian for the petitioner or the children has presented some testimony. The Department presented further testimony of the Claim Agent wherein it is set forth clearly that this same issue of aggravation was passed upon in January of 1940 and the claimant given order and notice of such facts, and the matter coming on again at this time for further consideration, the same issue is passed upon that was passed on before, denying further consideration because the Statute of Limitations has operated against the claim.

"Having further reviewed the entire record and file at this time the Joint Board concludes that the Supervisor's action in refusing further consideration dated January 6, 1943, is correct, and be and hereby is sustained."

An appeal was taken to the superior court from this order of the joint board. The case came on for trial before the court and a jury. At the commencement of the trial, the respondent moved for a dismissal, on the ground that the issues involved were *res judicata,* the claimant not having appealed from the order closing the claim and the subsequent orders rejecting his petitions to reopen; also, on the ground that any right of the workman to have the claim reopened on the ground of alleged aggravation was not one which survived his death. The motion was at first denied, but, after the reading of the testimony to the court and jury,

the motion was sustained. A motion for a new trial was interposed and overruled, and thereafter a judgment entered dismissing the proceedings from which this appeal is prosecuted.

Appellant's sole contention is that, under chapter 209, p. 633, § 1(h), Laws of 1941 (Rem. Supp. 1941, § 7679(h) [P.P.C. § 705-1]), referred to as referendum measure No. 22, and the decision of this court in *Lane v. Department of Labor & Industries*, 21 Wn. (2d) 420, 151 P. (2d) 440, claimant had five years from December 3, 1942 (the effective date of chapter 209, Laws of 1941), within which to file an application to reopen the claim, and that such an application was filed within thirty days thereafter and was therefore timely. The printed argument of appellant is very brief. We quote it in full:

"The appellant had five years from December 3, 1942, in which to file a petition for reopening of his claim, upon the ground of aggravation and he filed it within 30 days and it was, therefore, timely. Remington's Revised Statutes § 7679-h; Lane v. Department of Labor and Industries, 21 Wn. (2d) 420.

"Section 7684-e Rem. Rev. Stat. provides as follows:

" 'That if any workman shall suffer a permanent partial injury, and shall die from some other cause than the accident which produced such injury before he shall have received payment of his award for such permanent partial injury, or if any workman shall suffer any other injury and shall die from some other cause than the accident which produced such injury before he shall have received payment of any monthly installment covering any period of time prior to his death, the amount of such permanent partial award, or of such monthly payment or both, shall be paid to his widow, if he leave a widow, or to his child or children if he leave a child or children and shall not leave a widow.'

"There was direct, competent and convincing evidence given by the attending physician that the condition of Ernest Albertson had become aggravated after his claim was closed and that the extent and cause of the aggravation was found by performance of an abdominal operation long after claim was closed and that he suffered permanent partial disability which should be rated at 100% and there was no evidence to the contrary and he died from some other cause and left no widow, but he left dependent children and they are now

asking this court for the benefits secured to them by this statute."

This cause was dismissed on the motion of the state at the close of the evidence. The state contended (1) that, since a petition for aggravation was denied and the order never appealed from, the matter became *res judicata*; (2) that the evidence did not make out a case for the jury; and (3) that, in any event, the minor plaintiffs had no cause of action.

■ We do not find it necessary to discuss the facts, the statute of limitations, or the doctrine of *res judicata*. It is clear, as the department and the intervener, Grays Harbor Fuel Company, point out, that the minor children of the deceased workman have no cause of action. No award was ever made to Albertson, except for time loss, and that award was collected by him in 1936, which distinguishes this case from that of *Wintermute v. Department of Labor & Industries*, 183 Wash. 169, 48 P. (2d) 627. Nor is the case of *Calkins v. Department of Labor & Industries*, 10 Wn. (2d) 565, 117 P. (2d) 640, in point. There, a judgment had been entered prior to the death of the claimant.

The instant case is governed by the decision in *Ray v. Industrial Ins. Commission*, 99 Wash. 176, 168 Pac. 1121. It is true that certain provisos have been added to the statute as it existed when that case was decided, but the plaintiffs here do not fall within them. Their claim can only be prosecuted as one created by "operation of law," and such a claim cannot be enforced against the accident fund. Rem. Rev. Stat., § 7684 [P.P.C. § 705-17].

The judgment of the trial court is affirmed.

MALLERY, C. J., STEINERT, SIMPSON, JEFFERS, SCHWELLENBACH, and ABEL, JJ., concur.

MILLARD, J. (dissenting)—I dissent, as I deem under *Lane v. Department of Labor and Industries*, 21 Wn. (2d) 420, 151 P. (2d) 440, the appellant had the additional time claimed in which to file an application to reopen the claim.