63 Wn.2d 751 (1964)
388 P.2d 952
In the Matter of WESLEY BENJAMIN CASSEL, Deceased.
EDWARD R. TAYLOR, as Administrator, Appellant,
v.
THE DEPARTMENT OF LABOR AND INDUSTRIES et al., Respondents.[*]
No. 36460.
The Supreme Court of Washington, Department Two.
February 6, 1964.
Christ D. Lillions, for appellant.
The Attorney General, Elihu Hurwitz and Fredrick B. Hayes, Assistants, for respondents.
HAMILTON, J.
This is an appeal from an order dismissing a widow's claim for benefits under the Workmen's Compensation Act upon the grounds that her claim abated upon her death.
Wesley B. Cassel died on January 5, 1959, survived by his wife Kate R. Cassel. On March 5, 1959, Mrs. Cassel filed a claim for widow's benefits with the Department of Labor and Industries. She predicated her claim upon the contention that Mr. Cassel's death occurred during and was attributable to the performance of his duties as an employee of the Seattle Transit System. The claim was rejected by the Supervisor of Industrial Insurance upon the grounds that Mr. Cassel's death was due to natural causes.
Appeal was taken to the Board of Industrial Insurance Appeals. The board granted the appeal on April 23, 1959. A series of hearings were held, the first on November 6, 1959, and the last on April 18, 1960. At the conclusion of the last hearing, a continuance was granted. Before another hearing could be held Mrs. Cassel died.
A petition was filed with the board by the executors of Mrs. Cassel's estate, requesting that they be substituted as her "personal representatives for further hearing and final determination of the pending appeal." The department moved to dismiss the appeal upon the grounds that the widow's claim did not survive to her personal representatives. The board granted the motion to dismiss. The superior court, on appeal, affirmed the board's order of dismissal.
On appeal to this court, two contentions are advanced. *753 First, it was the duty of the board to render a decision upon the facts before it and enter an order upon such decision nunc pro tunc as of the date of the last hearing, April 18, 1960. Second, a widow's claim for death benefits under the Workmen's Compensation Act survives to her personal representatives.
In support of the first contention, it is argued that the assistant attorney general representing the department before the Board of Industrial Insurance Appeals practiced dilatory tactics, and that it was and is the responsibility of the board to expedite the hearings. Thus, it is urged that the maxim actus curiae neminem gravabit applies and supports the request for a nunc pro tunc decision and order by the board.
The record before us consists of some 690 pages, composed of the testimony of some 21 witnesses on behalf of the claimant, one witness for the department, and considerable colloquy between counsel. At one stage of the proceedings, both parties rested. The hearings were subsequently reopened at the request of counsel for claimant. Thereafter, and at the last hearing, the claimant had further rebuttal evidence available for presentation and counsel for the department sought the privilege of calling additional witnesses. The examiner, at 4:45 p.m. on April 18, 1960, continued the hearing to a subsequent date to permit completion of the department's case and the claimant's rebuttal. During the interval Mrs. Cassel died.
[1] Assuming, without here deciding, that an administrative tribunal may, without statutory authority, grant the equivalent of a judgment nunc pro tunc, we are satisfied that the circumstances presented in the instant case do not call the principle into play.
In a leading case, Garrett v. Byerly, 155 Wash. 351, 357, 284 Pac. 343, 68 A.L.R. 254, we said:
"The foregoing considerations lead to the conclusion that the courts of this state have power to enter a judgment operative nunc pro tunc, and it remains to inquire whether the case before us presents a proper instance for the exercise of the power. The courts recognizing and applying the principle have somewhat narrowed its limitations. One of *754 such limitations, and perhaps the most common one, is that the cause at the time of such death must be ripe for judgment...."
We have found no case, and none has been cited to us, wherein a cause has been considered "ripe for judgment" prior to the submission of all of the evidence. Most, if not all, text and case authorities agree the cause must have reached a stage where it is ready, so far as the evidence be concerned, for decision. 1 Freeman on Judgments (5th ed.) § 124, p. 227; 30A Am. Jur., Judgments § 84, p. 222; 49 C.J.S., Judgments § 118b, p. 249; 3 A.L.R. 1403; 68 A.L.R. 261.
In the instant case, whatever else might be said about the reasons for the protracted series of hearings, the fact remains that at the conclusion of the hearing upon April 18, 1960, both parties were desirous of presenting further testimony concerning the cause of Mr. Cassel's death  the department in its case in chief and the claimant in rebuttal.
The examiner did not abuse his discretion in extending to the parties the opportunity they requested, or in continuing the hearing to a subsequent date for such purpose.
The cause was not "ripe for judgment," and accordingly the principle of entry of judgment nunc pro tunc cannot properly be applied.
It is next contended that, in any event, the widow's claim for benefits survives her death and passes to her personal representatives. In support of this contention, it is urged that RCW 51.32.040, and our construction thereof, does not apply to a widow's claim for benefits under the Workmen's Compensation Act.
Insofar as pertinent to the facts of this case, RCW 51.32.040 reads:
"No money paid or payable under this title out of the accident fund or out of the medical aid fund shall, prior to the issuance and delivery of the warrant therefor, be capable of being assigned, charged, or ever be taken in execution or attached or garnished, nor shall the same pass, or be paid, to any other person by operation of law, or by any form of voluntary assignment, or power of attorney. Any such assignment or charge shall be void: ..."
*755 [2] We have held, by virtue of this statute, that the claim of an injured workman who dies during the pendency of his claim, and before it has been adjudicated or reduced to judgment, does not survive to his personal representatives. Ray v. Industrial Ins. Comm., 99 Wash. 176, 168 Pac. 1121; Zahler v. Department of Labor & Industries, 125 Wash. 410, 217 Pac. 55; Wintermute v. Department of Labor & Industries, 183 Wash. 169, 48 P. (2d) 627; Calkins v. Department of Labor & Industries, 10 Wn. (2d) 565, 117 P. (2d) 640; Albertson v. Department of Labor & Industries, 28 Wn. (2d) 750, 184 P. (2d) 53; Carl v. Department of Labor & Industries, 38 Wn. (2d) 890, 234 P. (2d) 487; Curry v. Department of Labor & Industries, 49 Wn. (2d) 93, 298 P. (2d) 485; Lutch v. Department of Labor & Industries, 54 Wn. (2d) 373, 340 P. (2d) 786.
So far as applicable to the contention made in this case, the statute makes no distinction in its effect between an unadjudicated claim of an injured workman and an unadjudicated claim of a widow. Other than the bare assertion that there should be a distinction, counsel suggests no basis for a distinction. We have found none.
Accordingly, we conclude that the board and the trial court properly determined that the claim of the deceased widow did not survive and pass to her personal representatives.
[3] Finally, it is asserted that RCW 51.32.040 and RCW 4.20.030 (excepting workmen's compensation claims from the operation of survival statutes) are unconstitutional as applied to claims for widow's benefits. No legal argument or authority is made or cited in support of this proposition. We, therefore, will not consider it. Verstraelen v. Kellog, 60 Wn. (2d) 115, 372 P. (2d) 543; DeHeer v. Seattle Post-Intelligencer, 60 Wn. (2d) 122, 372 P. (2d) 193; Seattle v. Love, 61 Wn. (2d) 113, 377 P. (2d) 255; Wright v. Kennewick, 62 Wn. (2d) 163, 381 P. (2d) 620.
The judgment is affirmed.
OTT, C.J., DONWORTH, and FINLEY, JJ., and POYHONEN, J. Pro Tem., concur.
NOTES
[*] Reported in 388 P. (2d) 952.