[No. 38411.   En Banc.   April 28, 1966.]

ESTELLE H. LIGHTLE, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[*]

*[*]Reported in 413 P.2d 814.

*The Attorney General* and *Virginia O. Binns, Assistant,* for appellant.

*Dwight A. Halstead,* for respondent.

OTT, J.—John Edwin Lightle, a farm workman for Washington State University, was injured on November 2, 1961, while engaged in the course of his employment. February 2, 1962, he filed a claim with the Department of Labor and Industries. August 16, 1962, the department rejected the claim on the ground that the claimant's injury was a heart condition which did not result from an industrial injury or from an occupational disease, as defined by the act.

Mr. Lightle filed notice of appeal to the Board of Industrial Insurance Appeals on October 15, 1962. The appeal was granted by the board, and hearings held on September 26 and October 30, 1963. A proposed decision and order sustaining the department's rejection of the claim was filed by a hearing examiner of the board on January 9, 1964. Mr. Lightle was given notice of the examiner's ruling and proposed decision, and filed exceptions thereto on February 3, 1964.

Mr. Lightle died May 29, 1964, before the board had acted upon his exceptions to its proposed order. The board, on its own motion, dismissed the appeal July 31, 1964, upon the ground that the claim for compensation had abated upon the death of the claimant.

August 11, 1964, the widow of the decedent, Estelle H. Lightle, petitioned the board, in her capacity as widow of John Lightle, for compensation for his time loss or, in the alternative, for reconsideration of the board's order of abatement.

Simultaneously, she appealed to the superior court from the board's order of abatement and dismissal of the claim. On the appeal to the superior court, the department moved to dismiss the cause for the reason that the claim upon which

the appeal was predicated had abated by virtue of the death of the claimant.

July 1, 1965, the trial court denied the department's motion to dismiss, and remanded the cause to the board with directions to substitute Estelle H. Lightle, as widow, and consider the merits of the workman's claim.

The department has appealed.

The appeal is limited to a single issue: Does the Industrial Insurance Act permit a widow to pursue her husband's unliquidated claim for time loss compensation?

RCW 51.32.040 provides:

No money paid or payable under this title out of the accident fund or out of the medical aid fund shall, prior to the issuance and delivery of the warrant therefor, be capable of being assigned, charged, or ever be taken in execution or attached or garnished, nor shall the same pass, or be paid, to any other person by operation of law, or by any form of voluntary assignment, or power of attorney. Any such assignment or charge shall be void: *Provided,* That if any workman suffers a permanent partial injury, and dies from some other cause than the accident which produced such injury before he shall have received payment of his award for such permanent partial injury, or if any workman suffers any other injury and dies from some other cause than the accident which produced such injury before he shall have received payment of any monthly installment covering any period of time prior to his death, the amount of such permanent partial award, or of such monthly payment or both, shall be paid to his widow, if he leaves a widow, or to his child or children if he leaves a child or children and does not leave a widow: *Provided further,* That, if any workman suffers an injury and dies therefrom before he shall have received payment of any monthly installment covering time loss for any period of time prior to his death, the amount of such monthly payment shall be paid to his widow, if he leaves a widow, or to his child or children, if he leaves a child or children and does not leave a widow: *Provided further,* That if the injured workman resided in the United States as long as three years prior to the date of the injury, such payment shall not be made to any widow or child who was at the time of the injury a nonresident of the United States:   .   .   .   .

The proviso of RCW 51.32.040, *supra,* to be here construed is as follows:

> [I]f any workman suffers an injury and dies therefrom *before he shall have received payment of any monthly installment covering time loss* for any period of time prior to his death, *the amount of such monthly payment shall be paid to his widow* . . . . (Italics ours.)

It is clear from the wording of this proviso that the legislature intended to grant to the widow or children of a decedent the right to seek recovery from the department for time loss only. No benefits under this proviso of the act survive to the widow or children except time loss benefits.

Time loss compensation resulting from a compensable injury is that temporary compensation which a workman is entitled to receive from the fund while totally incapacitated to perform work for his employer, and before his disability condition has been fixed or determined. RCW 51.32.090.

The appellant asserts that the legislature, by the questioned proviso, granted to a widow or children of the deceased only time loss payments which had been allowed but had not been paid. We do not agree that the legislature intended that the proviso be so narrowly construed. The actual words used in the proviso do not suggest that such a limited construction was intended.

We are committed to the rule that the Industrial Insurance Act is remedial in nature and its beneficial purposes should be liberally construed in favor of beneficiaries. *Wilber v. Department of Labor & Indus.,* 61 Wn.2d 439, 446, 378 P.2d 684 (1963), and cases cited. We have held that a liberal construction of the act does not dispose of the requirement that a claimant must prove his claim by competent evidence. *Ehman v. Department of Labor & Indus.,* 33 Wn.2d 584, 595, 206 P.2d 787 (1949), and cases cited. In this regard, in order to recover time loss compensation under this proviso, it is incumbent on the widow to show (1) that her husband suffered a compensable injury during the course of his employment, (2) that as a direct result of the alleged injury the workman (her husband) died, and (3)

that the workman was entitled to time loss resulting from the injury and for which he had not been compensated during his lifetime.

Although there had been a departmental determination that Mr. Lightle's time loss was not the result of a compensable injury, the workman had appealed this decision to the Board of Industrial Insurance Appeals. He died before the order of the board was entered adjudicating this issue. Does the right of the widow to pursue the workman's claim for time loss survive?

This case presents an issue of first impression in this state. We have found no cases directly in point, and none has been cited to the court in which a widow, under similar facts, sought *time loss compensation* under the questioned proviso.

In this regard, the appellant contends "that the provisos do not allow the widow to *litigate* the claim for compensation after the workman's death. . . . The Court first squarely met the issue raised in the case at bar in *Albertson v. Department of Labor & Indus.*, 28 Wn.2d 750, 184 P.2d 53 (1947), an *en banc* determination."

We do not agree that *Albertson v. Department of Labor & Indus.*, 28 Wn.2d 750, 184 P.2d 53 (1947), "squarely met the issue raised in the case at bar." The sole issue presented in the instant case is whether a widow can pursue a claim for time loss. In the *Albertson* case, this court expressly ruled out the time loss issue, stating at 757:

> No [disability] award was ever made to Albertson, *except for time loss, and that award was collected by him in 1936*, which distinguishes this case from that of *Wintermute v. Department of Labor & Industries*, 183 Wash. 169, 48 P. (2d) 627. (Italics ours.)

The *Albertson* case holds that, where a *disability* award (as distinguished from time loss compensation) has not been granted during the lifetime of the decedent, the claim does not survive by "operation of law" to the widow or children.

Appellant also relies on *Curry v. Department of Labor & Indus.*, 49 Wn.2d 93, 298 P.2d 485 (1956). This likewise is not a "time loss" case, and did not involve an interpretation

of the proviso here in question. In the *Curry* case, this court said: "He [the workman] filed a claim with the department, which was allowed. *Time loss was paid,* and medical treatment given." (Italics ours.) In interpreting RCW 51.32.040 as it relates to *disability* claims which have not ripened into a verdict or judgment, the court held that "His [the workman's] claim was personal to himself and abated at his death."

In *Wintermute v. Department of Labor & Indus.*, 183 Wash. 169, 48 P.2d 627 (1935), the workman was injured on May 8, 1930. His claim for compensation was allowed, and *time loss was paid to December 10, 1931,* when the claim was closed with an award of 25 degrees permanent partial disability. In January, 1933, he petitioned to reopen his claim on the ground of aggravation of his disability. He died before a hearing was held on the petition. His widow was substituted and prosecuted her deceased husband's claim to a jury verdict, which found aggravation and that his death was the result of the injury received on May 8, 1930. The court's order directed, *inter alia,* the department to "pay to his widow compensation for the temporary total disability on account of aggravation of the condition of said deceased preceding his death." On appeal, this court regarded that part of the order as time loss compensation and, in construing the questioned proviso, said at 174:

> That is, the right to compensation for time loss, uncollected by the workman who dies from his injuries, shall be paid to his widow, if he leave one, or to his child or children, if he leave one or more and shall not leave a widow. That is what the proviso in the amendment accomplishes . . . .

We agree with the appellant that "confusion and misunderstanding" crept into the opinion in the cited case, in that the claim was for aggravation only and time loss was not involved. However, the court did properly construe the law as it relates to time loss compensation surviving to the widow.

Finally, appellant contends that the Industrial Insurance Act does not authorize the department to enter

nunc pro tunc orders. A nunc pro tunc order is not here involved. The statute directs that "the amount of such monthly payment shall be paid to his [the workman's] widow." Under the statute, the widow is the real party in interest and has a statutory right to be substituted as such in the pending claim for time loss compensation.

We hold that the legislature, in enacting the questioned proviso, intended that the widow's right to the deceased workman's time loss compensation does survive, and that the court did not err in directing that respondent be substituted for the purpose of litigating the time loss claim to its final conclusion.

The judgment is affirmed.

ALL CONCUR.