[No. 41537. En Banc. June 10, 1971.]

CLARA E. POWELL, *Petitioner*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES *et al.*, *Respondents*.

*Eugene Arron* (of *Walthew, Warner & Keefe*), for petitioner.

*Slade Gorton, Attorney General, Robert G. Swenson, Assistant,* and *Calhoun Dickinson* (of *Holman, Marion, Perkins, Coie & Stone*), for respondents.

ROSELLINI, J.—This is an action by the widow of a deceased workman, claiming benefits under RCW 51.32.040. Mrs. Powell asserts a right to receive monthly installments alleged to have been payable to her husband for permanent total disability suffered between October 23, 1959, and November 27, 1961, the date of his death.

Mr. Powell sustained an industrial injury in 1952 for which he received a permanent partial disability award. On March 3, 1959, he applied to reopen his claim, alleging that aggravation of his original injury had rendered him permanently and totally disabled. The Department of Labor and Industries denied the claim on October 23, 1959, and Mr. Powell appealed to the Board of Industrial Insurance Appeals.

All hearings before the board's examiners were completed by June 6, 1961. As a result, all parties rested and the dispute was submitted to the board for determination. More than 5 months later, while still awaiting the board's decision, Mr. Powell died of a cause unrelated to the original industrial injury.

On January 11, 1962, the board held that Mr. Powell's death abated his claim and dismissed the appeal. Its order also provided that the widow's rights under the workmen's compensation act were not to be prejudiced. This terminated the first action.

On January 8, 1962, Mrs. Powell filed a separate claim alleging her entitlement to a widow's pension under RCW 51.32.050(6). The supervisor of the department rejected the claim asserting that at the time of his death Mr. Powell was not permanently totally disabled as a result of his industrial injury.

Mrs. Powell appealed to the board and all parties stipulated:

the only issue to be determined in said appeal was whether or not the deceased workman was totally permanently disabled prior to his death as a result of his injury, and that this issue could be determined on the basis of the testimony presented in connection with the appeal taken by the deceased workman during his lifetime [*i.e.*, the first action].

Basing its decision on the record originally submitted by the workman, the board thereafter reversed the supervisor's order and directed the department to grant a widow's pension in Mrs. Powell's separate action. In so doing, the board found that: (1) the deceased workman's industrial injury became aggravated to the extent that he no longer had a reasonable degree of wage earning capacity on or about October 23, 1959; (2) said disabling condition was fixed and permanent at that time; (3) the deceased workman was permanently totally disabled in October of 1959.

The employer appealed. On January 8, 1965, the trial court affirmed the board's decision and order and in so doing entered similar findings of fact. There being no appeal, Mrs. Powell received her widow's pension effective November 27, 1961, the date of her husband's death. This concluded the second action.

Inasmuch as the board found, in the second action, that Mr. Powell had been permanently and totally disabled during his lifetime, Mrs. Powell requested the department to pay her the permanent total disability benefits to which her husband would have been entitled had he not died. She claimed that RCW 51.32.040 entitled her to receive the monthly installments that would have been payable to him between October 23, 1959 (the date on which the board, in

the second action, found Mr. Powell to have become totally and permanently disabled), and November 27, 1961 (the date of his death).

On July 8, 1965, the department rejected Mrs. Powell's claim. Thereafter, she appealed unsuccessfully to the board, to the superior court and to the Court of Appeals. Each, in turn, held that Mr. Powell's death abated his claim in the first action. It was said that, inasmuch as the claim was personal to him, and since he had not been awarded monthly installments as a permanently totally disabled workman during his lifetime, his widow was not entitled to pursue the apparent relief indicated in the second portion of the first proviso of RCW 51.32.040. The decisions of this court which were held to be controlling are *Urban v. Department of Labor & Indus.*, 75 Wn.2d 787, 454 P.2d 395 (1969); *Curry v. Department of Labor & Indus.*, 49 Wn.2d 93, 298 P.2d 485 (1956); and *Albertson v. Department of Labor & Indus.*, 28 Wn.2d 750, 184 P.2d 53 (1947). This court has granted Mrs. Powell's petition for review.

Mrs. Powell does not seek to recover benefits as a personal representative of her deceased husband. The right which she asserts is based upon her status as a widow under RCW 51.32.040. She recognizes that this court has held, in the cases cited above, that the widow of a deceased workman cannot collect his unpaid award for permanent partial disability under the first proviso of RCW 51.32.040 unless an award was made during the workman's lifetime. However, she contends that, since her claim is for total disability payments rather than a partial disability award, she is entitled to receive these payments, even though there was no finding made by the department, during her husband's lifetime, that he was entitled to such compensation. She relies upon *Wintermute v. Department of Labor & Indus.*, 183 Wash. 169, 48 P.2d 627 (1935), and *Lightle v. Department of Labor & Indus.*, 68 Wn.2d 507, 413 P.2d 814 (1966).

In the first of these cases, this court held that a widow was entitled to receive compensation for aggravation of her

husband's condition prior to his death, even though no decision had been rendered in his favor on his claim during his lifetime; and in the second cited case, it held that a widow was entitled to payments for her husband's time loss (temporary total disability) although his right had not been established at the time of his death.

The statutory provision in question, as amended by the Laws of 1957, ch. 70, § 29, provided, insofar as pertinent:

No money paid or payable under this title out of the accident fund or out of the medical aid fund shall, prior to the issuance and delivery of the warrant therefor, be capable of being assigned, charged, or ever be taken in execution or attached or garnished, nor shall the same pass, or be paid, to any other person by operation of law, or by any form of voluntary assignment, or power of attorney. Any such assignment or charge shall be void: *Provided,* That if any workman suffers a permanent partial injury, and dies from some other cause than the accident which produced such injury before he shall have received payment of his award for such permanent partial injury, or if any workman suffers any other injury and dies from some other cause than the accident which produced such injury before he shall have received payment of any monthly installment covering any period of time prior to his death, the amount of such permanent partial award, or of such monthly payment or both, shall be paid to his widow, if he leaves a widow, or to his child or children, if he leaves a child or children and does not leave a widow: *Provided further,* That, if any workman suffers an injury and dies therefrom before he shall have received payment of any monthly installment covering time loss for any period of time prior to his death, the amount of such monthly payment shall be paid to his widow, if he leaves a widow, or to his child or children, if he leaves a child or children and does not leave a widow: . . .

This case brings into focus the fact that this court has pursued two conflicting interpretations of the legislative intent in enacting the provisos to this statute. In one of those cases in which the court has held that an award must have been made prior to the death of the workman, the court has attached significance to the legislative use of the

word "award" and assumed that the use of that word implies a requirement that an award must have been made prior to the workman's death. *Urban v. Department of Labor & Indus., supra.* But in none of the cases has the court justified this restrictive interpretation by any reference to a probable legislative purpose.

In *Curry v. Department of Labor & Indus., supra,* there is no discussion of the reason for the holding that an award must have been made during the lifetime of the workman in order for the widow to receive her husband's award for permanent partial disability. The opinion merely states that this is the law according to *Albertson v. Department of Labor & Indus., supra.* The *Albertson* case is similarly devoid of any rationale about the meaning of the provisos. Furthermore, this court, in that case, did not hold that an award must have been made during the lifetime of the workman in order for dependents to enjoy the benefits of these provisos but rather held, without explanation, that the workman's minor children did not "fall within" the provisos.

As we have observed above, this court, in *Urban v. Department of Labor & Indus., supra,* did seek a rational basis for holding that in permanent partial disability cases, where the workman dies of some cause other than the injury (the first proviso), an award must have been made prior to his death if his widow is to receive the compensation to which he was entitled but which was not collected by him prior to his death. This rationale was attempted, not so much to determine the true legislative intent, but rather to seek a rational basis upon which to distinguish the *Curry* and *Albertson* cases from *Lightle v. Department of Labor & Indus., supra.* A further basis of distinction was found in the fact that the first proviso applies where the workman died from some cause other than his industrial injury, while the second proviso applies where he died as a result of the injury itself. The possible legislative purpose in making this distinction was not explored.

The *Urban* decision was signed by only five members of

this court with four dissenting. Upon reexamining that opinion, we are convinced that we were in error in attaching significance to the use of the word "award" in the first proviso and also in the distinction which we made between the provisos upon the basis of the cause of death. It is apparent that the legislature used the word "award" in describing the benefits payable for permanent partial disability for the simple reason that the compensation provided for such disabilities takes the form of fixed awards. *See* RCW 51.32.080.[1] On the other hand, compensation for permanent or temporary total disability is made in the form of monthly payments, the total amount payable to any workman being dependent upon the length of time he is disabled. *See* RCW 51.32.060 and .090. Thus the terms "award" and "monthly payment," as they are used in these provisos of RCW 51.32.040 are descriptive of the type of compensation provided for the particular disability to which reference is made in the provisos.

We find no rational basis for an inference that the legislature, when it used the term "award," meant to restrict the right of a widow whose husband suffered a permanent partial disability to receive payment of compensation which he would have received had he lived, to a greater degree than it restricted the right of a widow whose husband was totally disabled.

We are likewise unable to ascertain a rational legislative purpose in denying to a widow whose husband died from a cause other than his industrial injury the right to collect sums to which her husband was entitled during his lifetime but which were not paid, unless an award was made during his lifetime. It should be noted that the only provision for payment to a widow whose husband died from his industrial accident is the second proviso, which allows her to recover only time loss payments. There must be a reason why there is no provision for compensation for temporary

---

[1] It is true that under paragraph (5) of this section, certain awards are to be paid in monthly installments, but the total amount is fixed, and the balance is to be paid to the widow, on the death of the workman, in a lump sum.

or permanent disability, and the reason would appear to be that such awards are merged in the death benefits provided in RCW 51.32.050.

■ Reading these first two provisos together, we are compelled to conclude that it was the primary legislative intent to provide that widows of workmen who died of causes other than their injuries may recover any compensation to which their husbands became entitled by reason of having suffered industrial accidents but which they did not receive during their lifetimes. We find no expression of a legislative intent to restrict such recovery to cases where a final determination had been made, prior to the workman's death, that he was entitled to it.

Seen in this light, the provisos complement RCW 51.32.050, providing death benefits where the workman dies of the injury; and the second proviso makes provision for the equal treatment of widows whose husbands did not receive their time loss payments prior to their deaths.

We are not disposed to make further distinctions between the cases, as Mrs. Powell suggests that we do, in order to justify her claim. Rather, this court is of the opinion that *Urban v. Department of Labor & Indus.*, 75 Wn.2d 787, 454 P.2d 395 (1969); *Curry v. Department of Labor & Indus.*, 49 Wn.2d 93, 298 P.2d 485 (1956), and *Albertson v. Department of Labor & Indus.*, 28 Wn.2d 750, 184 P.2d 53 (1947), to the extent that they hold that a widow may not receive her husband's award for permanent partial disability unless his right to it was established before his death, should be overruled. The interpretation which this court should give to both provisos should harmonize them and should give effect to the expressed legislative intent, which we believe we have examined more thoughtfully, and correctly assessed in the *Lightle* and *Wintermute* cases. In *Lightle v. Department of Labor & Indus.*, 68 Wn.2d 507, 413 P.2d 814 (1966), we said:

> We are committed to the rule that the Industrial Insurance Act is remedial in nature and its beneficial purposes should be liberally construed in favor of beneficiaries. *Wilber v. Department of Labor & Indus.*, 61 Wn.2d 439,

446, 378 P.2d 684 (1963), and cases cited. We have held that a liberal construction of the act does not dispose of the requirement that a claimant must prove his claim by competent evidence. *Ehman v. Department of Labor & Indus.*, 33 Wn.2d 584, 595, 206 P.2d 787 (1949), and cases cited. In this regard, in order to recover time loss compensation under this proviso, it is incumbent on the widow to show (1) that her husband suffered a compensable injury during the course of his employment, (2) that as a direct result of the alleged injury the workman (her husband) died, and (3) that the workman was entitled to time loss resulting from the injury and for which he had not been compensated during his lifetime.

As we recognized in that opinion, this statute contains no language to indicate a legislative intent that the widow's right to collect her husband's compensation should be made contingent upon his success in getting his evidence before the Department of Labor and Industries and receiving a favorable decision prior to his death. We cannot assume that the legislature intended a valuable right to depend upon such a fortuity as the length of time between an accident and the death of the victim from some other cause.[2]

It is suggested that this court should not overrule a decision interpreting a statute when the legislature has not seen fit to change the language of that statute after previous judicial interpretation. We do not think that the principle of stare decisis should govern our disposition of a question of interpretation where the court has itself adopted conflicting interpretations of the same statute. The duty of the court in such a case is to clarify and resolve its previous decisions, and it should not assume that the legislature has approved an interpretation which is in obvious derogation of the expressed statutory purpose.

We hold that under the provisions of RCW 51.32.040, a

[2]Some additional reasons why the legislature should not be held to have intended to place upon the widow's right a restriction which bears no relation to any purpose or object of the Workmen's Compensation Act, are set forth in the dissents of Hale, J., and Finley, J., in *Urban v. Department of Labor & Indus.*, 75 Wn.2d 787, 454 P.2d 395 (1969).

widow of a workman who has suffered an industrial injury and has died from some other cause, is entitled to receive the compensation to which her husband was entitled but which he did not receive, whether or not a decision in his favor was rendered by the department prior to his death.

In the case before us, the Board of Industrial Insurance Appeals has determined, upon the evidence, that Mrs. Powell's husband was totally disabled from October 23, 1959, until November 27, 1961. Having made that determination, the board should have ordered that payments for such disability, which the workman did not receive during his lifetime, should be made to his widow.

The decision of the Court of Appeals is reversed, and the cause is remanded with directions to allow the claim.

HAMILTON, C.J., FINLEY, HUNTER, HALE, NEILL, STAFFORD, and SHARP, JJ., concur.